Stephen HEWETT

v.

## KENNEBEC VALLEY MENTAL HEALTH ASSOCIATION.

Supreme Judicial Court of Maine.

Argued Jan. 22, 1987.

Decided Aug. 17, 1987.

William D. Robitzek (orally), Paul F. Macri, Berman, Simmons & Goldberg, P.A., Lewiston, for plaintiff.

George Z. Singal (orally), Gross, Minsky, Mogul & Singal, P.A., Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

SCOLNIK, Justice.

This action for personal injuries arises out of an incident that occurred in 1977 when members of the Elwyn Hewett family allegedly sustained injuries caused by the violent behavior of one of their family members, Elwyn Hewett, Jr. (a/k/a Butch Hewett) (hereinafter "Butch"). At the time of the incident Butch allegedly suffered from psychological disturbances and prior thereto had voluntarily sought counseling at the Augusta General Hospital where he received treatment from Charles Robinson, a psychologist. Robinson was, at that time, employed by the Kennebec Mental Health Association (a/k/a Kennebec Valley Mental Health Center) (hereinafter "the Association"), which provided Augusta General with psychologists for emergencies on a 24 hour basis.

One of the family members allegedly injured by Butch was his mother, Alena Hewett. Prior to her death on August 29, 1983, she filed a motion to intervene in litigation previously instituted by Elwyn Hewett, her ex-husband, against Robinson and the Association. On September 19, 1983, her son, Stephen Hewett, having been appointed personal representative of her estate, was substituted as plaintiff, and the Superior Court then granted the pending motion to intervene.

Stephen Hewett, as personal representative, now the only remaining plaintiff in this action, appeals from an order entered by the Superior Court (Kennebec County) granting a motion to dismiss brought by the Association. In granting that motion,

the court concluded that (1) the plaintiff's "Settlement Agreement," in which he covenanted not to sue Robinson, terminated any potential liability of the Association on the theory of *respondeat superior* and (2) the plaintiff's additional claim against the Association, based on independent negligence, was barred by the statute of limitations.

We are evenly divided on the issue whether the Superior Court erred in dismissing the plaintiff's *respondeat superior* claim against the Association. Accordingly, by an evenly divided court, the judgment dismissing that claim is affirmed. As set forth below, however, we conclude that the court erred in dismissing the plaintiff's claim that the Association was independently negligent.[1]

## BACKGROUND

In the complaint initiated by Elwyn Hewett against Robinson and the Association on behalf of three of his children, Robert, Donald, and Rhonda Hewett, it was alleged that on or about December 14, 1977, Elwyn Hewett's son, Butch, seriously assaulted his siblings, Robert, Donald and Rhonda. Mr. Hewett claimed, *inter alia*, that "as a result of the carelessness and the negligence of the defendants," Butch caused injuries to these three individuals in the amount of $1,000,000.

Count I of the complaint accompanying Alena Hewett's successful motion to intervene alleged that on December 14, 1977, as a result of either Robinson's negligent failure to hospitalize Butch or his failure to warn Alena that Butch was dangerous, Alena suffered serious injuries from a violent assault by Butch. In Count II she sought damages from the Association on the ground that at all times material, "the defendant, Charles Robinson, was an employee of the defendant Kennebec Mental Health Association and was acting within the course and scope of his employment."

On June 24, 1983, the Association filed its pretrial memorandum pursuant to Rule 16 of the Maine Rules of Civil Procedure.

It did not thereafter amend that pretrial memorandum. On October 31, 1983, Stephen Hewett filed a pretrial memorandum, which stated, *inter alia*, that claims were "being made on the basis of the defendants' negligence, failure to properly diagnose and treat and failure to warn the plaintiffs."

On March 2, 1984, the Superior Court issued a pretrial order pursuant to Rule 16 that stated:

As against Kennebec Mental Health Association, all plaintiffs are asserting:

(a) negligence on the legal theories asserted against Charles Robinson, on the grounds that Robinson was an agent of Kennebec Mental Health Association with Kennebec's liability established on theory of respondeat superior.

(b) negligence in procedures, rules, responsibility and training,....

On May 7, 1986, the plaintiff filed an amended complaint, in which he added a third count stating:

The defendant Kennebec Mental Health Association was independently negligent from Dr. Charles Robinson and also was negligent as a joint and several tort feasor with Dr. Charles Robinson ...

The negligence of this defendant includes but is not limited to the formulation, lack of formulation, execution and lack of execution of any procedures, rules, responsibilities and training relating to circumstances such as were presented to employees of Kennebec Mental Health Association; the failure to have adequate records available for its staff; the failure of its staff to recognize and appreciate the seriousness of Elwyn B. Hewett, Jr.'s [Butch's] problems; the failure to obtain correct information or adequate information from Elwyn B. Hewett, Jr. [Butch] or from other sources regarding him; the failure to warn the potential or likely victims of Elwyn B. Hewett, Jr. [Butch].

---

1. The Association raises several issues on cross-appeal, all of which relate to its alleged liability to the plaintiff under a theory of *respondeat*

*superior.* Since we affirm the Superior Court's dismissal of the vicarious liability claim, these issues are moot.

On June 16, 1986, after Robinson settled with the plaintiff, the Association filed a motion to dismiss the plaintiff's action. The Superior Court granted that motion in an order dated July 22, 1986, and subsequently entered judgment for the Association.

## DISCUSSION

In its July 22, 1986 order, the Superior Court held that the plaintiff's independent negligence claim against the Association was barred by the six year statute of limitations set forth in 14 M.R.S.A. § 752.[2] Recognizing that the plaintiff alleged in his pretrial memorandum, filed on October 31, 1983, that the Association was independently negligent, the court nevertheless held that the claim for independent negligence "was not raised or pleaded within the statutory limits." The plaintiff argues that the Superior Court erred in reaching this conclusion because his amended complaint of May 7, 1986, in which he asserted his independent negligence claim against the Association, related back to the filing of his original complaint pursuant to Rule 15(c) of the Maine Rules of Civil Procedure. We agree.

Rule 15(c) of the Maine Rules of Civil Procedure provides, *inter alia*, that "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." The basic purpose of the rule is "the avoidance of prejudice to the defendant's preparation of his defense." *See generally* 1 Field, McKusick & Wroth, *Maine Civil Practice* at 298–300 (1970).

Pursuant to section 752, the plaintiff had six years from the time of Alena's injuries, which allegedly occurred on or about December 14, 1977, to assert the independent negligence claim against the Association.[3] By raising that claim in his pretrial memorandum filed on October 31, 1983, more than six weeks before the expiration of the statutory limit, the plaintiff put the Association on notice that his suit against it included a claim based on negligence, independent of Robinson's alleged negligence. The Superior Court's Pretrial Order, which the Association did not object to, reaffirmed the fact that this was an issue in the case. Furthermore, the subject matter of the plaintiff's action was set forth in Elwyn Hewett's 1979 complaint against the Association, in which the plaintiff intervened. Elwyn Hewett's complaint stated that Butch's violence, which allegedly caused injuries to Butch's siblings and Alena Hewett, was the result of "carelessness and the negligence of the defendants."

We conclude that the plaintiff's claim that the Association was independently negligent clearly arose out of the same transaction or occurrence that was the subject matter of the original complaint and that the Association was not prejudiced by the amended complaint. Thus, under Rule 15(c), the plaintiff's assertion of an independent negligence claim against the Association in his amended complaint of May 7, 1986 relates back to June 27, 1983, the date of his original complaint, and is therefore not barred by the six year statute of limitations.

The entry is:

The judgment dismissing the plaintiff's vicarious liability claim is affirmed. The judgment dismissing the plaintiff's inde-

---

**2.** Section 752 provides:

§ 752 Six years

All civil actions shall be commenced within 6 years after the cause of action accrues and not afterwards, except actions on a judgment or decree of any court of record of the United States, or of any state or of a justice of the peace in this State, and except as otherwise specially provided.

**3.** In its brief, the Association argues that the Superior Court correctly concluded that the plaintiff's independent negligence claim against it was barred by the statute of limitations because it was not brought within the two year time limit provided by 24 M.R.S.A. § 2902 (Supp.1986), *repealed and replaced by* P.L. 1985, c. 804, § 13, effective August 1, 1988. The Superior Court did not address the application of section 2902 in its Decision and Order granting the Association's motion to dismiss. We therefore do not address that issue on appeal.

pendent negligence claim is vacated. The case is remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.