Argued and submitted April 3, on petition, referee's order reinstated and affirmed on cross-petition November 12, 1987

In the Matter of the Compensation of
Wesley E. Crooke, Claimant.
CROOKE,
*Petitioner - Cross-Respondent,*

*v.*

GRESHAM TRANSFER et al,
*Respondents - Cross-Petitioners.*
(WCB 83-11486; CA A40340)
744 P2d 1316

Linda C. Love, Portland, argued the cause for petitioner - cross-respondent. On the brief were James L. Francesconi and Francesconi & Cash, P.C., Portland.

Bruce L. Byerly, Portland, argued the cause for respondents - cross-petitioners. With him on the brief was Moscato & Byerly, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

In this workers' compensation case, claimant seeks review of the Board's decision reversing the referee in part and holding that his psychologist could not provide medical verification of inability to work. Employer cross-petitions, seeking a determination that claimant's aggravation claim for a psychological condition and globus syndrome (a choked up feeling in the throat) is not compensable. We affirm on the cross-petition and write only to address the issue raised by claimant.

Claimant worked for employer as a truck driver until 1980, when he injured his arm on the job. Through vocational rehabilitation he obtained employment as a painter in July 1983 but was laid off in December 1983 due to a lack of work. He has not been able to find work since that time.

He was referred by his attorney to Drs. Colistro and Bowes in December 1983 for evaluation of globus syndrome and depression. At the time, Colistro was a psychologist licensed by the State Board of Psychologist Examiners. ORS 675.030. Bowes was a resident psychologist entitled to work under the supervision of a licensed practitioner. On April 26, 1984, Colistro and Bowes wrote a letter to claimant's attorney, stating that claimant would not be "ready to assume the demands of a new job" until he had undergone psychological counseling. The Board ultimately determined that claimant's globus and psychological conditions, claims for which had been denied by employer, were compensable but reversed the referee in part holding that claimant was not entitled to temporary disability because there had been no medical verification by one authorized to give it that claimant was unable to work.

ORS 656.273(6) provides, in part:

"[T]he first installment of compensation due under ORS 656.262(4) shall be paid no later than the 14th day after the subject employer has notice or knowledge of medically verified inability to work resulting from the worsened condition."

The statutes do not discuss who is authorized to provide medical verification so as to trigger an employer's obligation to

begin paying interim compensation on an aggravation claim. We conclude, however, that the answer can be ascertained from the legislative history.

■ Until 1975, ORS 656.273(4) required that a claim for aggravation "be supported by a written opinion of a physician that there are reasonable grounds for the claim." The legislature deleted that subsection and added present subsection (3), which states that "[a] physician's report indicating a need for further medical services or additional compensation is a claim for aggravation." Or Laws 1975, ch 497, § 1. Thus, the section no longer precludes the making of an aggravation claim without a supporting medical opinion. At the same time, the legislature added subsection (6), which establishes the requirement for medical verification of time loss. Thus, the legislature altered the substantive prerequisites for an aggravation claim, deleting the *requirement* of a physician's report; however, it retained the element of medical documentation with respect to time loss. There is no reason to doubt that the legislature intended that that documentation come from a "physician," as required under the pre-1975 version of ORS 656.273(4) and as is presently permitted by ORS 656.273(3), and we conclude that it must.

ORS 656.005(13) defines "physician," for purposes of workers' compensation, as "a person duly licensed to practice one or more of the healing arts." This case turns, therefore, on whether the practice of psychology is a healing art. Psychologists must be licensed to practice and are subject to regulation and discipline by the State Board of Psychologist Examiners. ORS 675.100. The "practice of psychology" is defined, in part, as

"the diagnosis, prevention, treatment and amelioration of psychological problems and emotions and mental disorders of individuals and groups." ORS 675.010(4).

The scope of the practice of psychology certainly encompasses elements which are considered to be "healing." Although it has nowhere directly described psychology as a healing art, the legislature has impliedly viewed it as one in ORS 675.090(4), which defines those who are not subject to the regulation of the State Board of Psychologist Examiners to include "[a]ny person licensed to practice one or more of *the other healing*

*arts* in the state of Oregon so long as the person does not apply either of the specific terms of 'psychologist' or 'psychometrist' to that person's practice." (Emphasis supplied.)

■     We conclude that psychologists practice one of the healing arts as the term is used in ORS 656.005(13) and that they are therefore capable of providing medical verification of an inability to work as required by ORS 656.273. We held, on *de novo* review, that Colistro's report of April 26, 1984, stating that claimant "would not be ready to assume the demands of a new job" until he had undergone psychological counseling, was medical verification of an inability to work as of that date.

On petition, referee's order reinstated; affirmed on cross-petition.