Argued and submitted April 4, reversed and remanded November 23, 1988

In the Matter of the Compensation of
Sandra L. Berkey, Claimant.

BERKEY,
*Petitioner,*

*v.*

FAIRVIEW HOSPITAL et al,
*Respondents.*

(WCB 86-00608; CA A45337)

764 P2d 584

Donald O. Tarlow, Newberg, argued the cause for petitioner. With him on the brief was Brown & Tarlow, P.C., Newberg.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Claimant seeks review of a Workers' Compensation Board order which affirmed the referee's decision denying temporary total disability benefits. Claimant contends that she was entitled to them after she filed an aggravation claim because employer had knowledge of medical verification of her inability to work. ORS 656.273(6). We agree and reverse.

Claimant suffered a compensable injury to her left shoulder while working for Fairview Hospital on December 8, 1984. She was awarded 15 percent unscheduled permanent partial disability and did not return to work at Fairview or find other employment. She continued to receive treatment for her injury and obtained vocational counseling. On March 13, 1986, her treating physician, Dr. Winkler, wrote to SAIF and requested that her claim be reopened due to marked tenderness and pain in her left shoulder. On March 18, 1986, her vocational counselor made a report to SAIF which stated, in part:

> "In February, [claimant], after missing a fourth appointment, indicated to me that Dr. Winkler had told her that he did not want her to participate in further vocational rehabilitation, as her back and shoulders were deteriorating and that she did not have the physical ability to return to work or to even participate in looking for work.

> *"I contacted Dr. Winkler by letter and in a statement from him, he verified this recommendation.* On March 17th, I notified Ms. Wilch at SAIF about this development and she recommended case closure." (Emphasis supplied.)

SAIF denied claimant's aggravation claim on July 22, 1986, but made no temporary disability payments during the interim. Claimant requested a hearing and the referee upheld SAIF's denial. The referee also denied her claim for temporary total disability, because SAIF had not received medical verification of her inability to work before July 22, 1986, when it denied her aggravation claim. In affirming the referee's order, the Board explained:

> "The physician's only direct communication with SAIF referred only to the need for additional medical services. The remaining pertinent information came from a vocational provider who, because he or she was presumably not a physician, necessarily interpreted the doctor's report as a layperson."

Claimant does not dispute SAIF's denial of her aggravation claim. She contends only that the Board erred in concluding that SAIF did not receive medical verification of her inability to work. SAIF argues that medical verification of claimant's inability to work must come *directly* from Dr. Winkler. *See Crooke v. Gresham Transfer,* 88 Or App 246, 744 P2d 1316 (1987).

Entitlement to interim compensation in the form of temporary total disability depends on whether, before denial of an aggravation claim, there was medical verification of a claimant's inability to work. ORS 656.273(6);[1] *Silsby v. SAIF,* 39 Or App 555, 561, 592 P2d 1074 (1979). If the employer has notice or knowledge of verification, temporary total disability payments must begin within 14 days. ORS 656.273(6). The notification is not intended to establish a substantive right to compensability but is intended to ensure prompt payment of interim support to a worker who has filed an aggravation claim. *Silsby v. SAIF, supra,* 39 Or App at 562.

Under the circumstances of this case, we conclude that SAIF received adequate notice of medical verification by a physician of claimant's inability to work. Dr. Winkler notified SAIF that claimant's compensable injury had worsened. Five days later, her vocational counselor reported to SAIF that Dr. Winkler informed her that claimant could not work due to a worsening of her compensable injury. This was sufficient medical verification to trigger SAIF's duty to pay temporary total disability.

Claimant next contends that she is entitled to penalties and attorney fees under ORS 656.262(10) because SAIF unreasonably failed to make the interim payments. Neither the referee nor the Board considered whether penalties and attorney fees were warranted. We therefore remand to the Board for a determination of the amount of temporary total

---

[1] ORS 656.273(6) provides:

"A claim submitted in accordance with this section shall be processed by the insurer or self-insured employer in accordance with the provisions of ORS 656.262, except that the first instalment of compensation due under ORS 656.262(4) shall be paid no later than the 14th day after the subject employer has notice or knowledge of medically verified inability to work resulting from the worsened condition."

disability and to determine whether SAIF's failure to pay interim compensation justifies penalties and attorney fees.

Reversed and remanded.