Stephen HEWETT, Personal Representative of the Estate of Alena Hewett

v.

**KENNEBEC VALLEY MENTAL HEALTH ASSOCIATION.**

Supreme Judicial Court of Maine.

Argued Jan. 6, 1989.
Decided April 19, 1989.

William Robitzek, Paul Macri (orally), Berman, Simmons & Goldberg, P.A., Lewiston, for plaintiff.

Steven J. Mogul, Jules L. Mogul (orally), Gross, Minsky, Mogul & Singal, P.A., Bangor, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and HORNBY, JJ.

McKUSICK, Chief Justice.

In this action, which was previously here on appeal in *Hewett v. Kennebec Valley Mental Health Ass'n*, 529 A.2d 802 (Me. 1987) (*Hewett I*), the Superior Court (Kennebec County; *Alexander, J.*) on remand entered summary judgment in favor of defendant Association, a nonprofit corporation, on the sole claim remaining to be resolved. That claim, now prosecuted by plaintiff Stephen Hewett as personal representative of the estate of Alena Hewett, is that the Association was negligent in failing to have adequate procedures and personnel for proper diagnosis and treatment of the dangerous propensities of Elwyn Hewett, Jr. (a/k/a Butch Hewett), and that its negligence resulted in the injuries suffered by Butch's mother, Alena Hewett, at his hand on or about December 14, 1977. Alena first filed suit against the Association on account of those injuries in June 1983. We conclude that Alena's one remaining claim is barred by the two-year statute of limitations prescribed for mal-

practice actions against those engaged in the healing art, 14 M.R.S.A. § 753 (1980).[1] We therefore affirm the summary judgment in favor of the Association.[2]

The amended complaint filed on Alena's claims on May 7, 1986, contained three counts.[3] Count I alleged negligence on the part of Dr. Charles Robinson, a psychologist employed by the Association, in failing to hospitalize Butch or to warn Alena of Butch's dangerousness. Counts II and III alleged vicarious liability on the part of the Association. Count II was expressly based on the alleged negligence of the Association's employee Dr. Robinson; Count III[4] was in part based on "the failure of [the Association's] staff to recognize and appreciate the seriousness of Elwyn B. Hewett, Jr.'s problems" and in part on the failure of

some other Association employees to formulate and execute proper procedures relative to patient care and to warn Butch's potential victims of his dangerousness.[5]

We start our analysis by noting that both Counts I and II would be governed by the two-year limitation prescribed by 14 M.R.S.A. § 753[6] for actions for "malpractice of physicians and all others engaged in the healing art." The psychologist Dr. Robinson, by engaging in the diagnosis and treatment of mental illness, was plainly engaged in the healing art. *See Crooke v. Gresham Transfer*, 88 Or.App. 246, 249, 744 P.2d 1316, 1317 (1987) (psychologists practice the healing art; "scope of the practice of psychology certainly encompasses elements which are considered to be 'healing'"). The healing art treats mental

1. We reject plaintiff's argument that we decided in *Hewett I* that the general six-year statute of limitations rather than a shorter statute governs Alena Hewett's claim against the Association. The issue of which statute governs was not before us in *Hewett I* because we were reviewing the Superior Court's dismissal of her claim on the ground it was asserted for the first time by her amended complaint more than six years after Alena suffered her injuries at the hand of her son Butch. We explicitly did not decide whether a shorter statute of limitations applies. *Hewett I*, 529 A.2d at 804 n. 3.

2. The Superior Court entered summary judgment on the grounds that the Association was immune under the Maine Tort Claims Act and that on the undisputed facts the Association had no duty to warn. The court noted, but did not decide, the Association's alternative contention that Alena Hewett's claim was barred by 14 M.R.S.A. § 753 (1980), imposing a two-year limitation. We affirm the Superior Court's entry of summary judgment on that alternative ground. *See Darling v. Augusta Mental Health Inst.*, 535 A.2d 421, 427 (Me.1987). We have no occasion to review the Superior Court's rulings on immunity and duty to warn.

3. The Association's answer to the amended complaint set forth the affirmative defense of the statute of limitations, which M.R.Civ.P. 8(c) requires be set forth "[i]n pleading to a preceding pleading." The Association thus raised that issue in a timely fashion.

4. Count III of the complaint alleged that the Association "was independently negligent from Dr. Charles Robinson," and our opinion in *Hewett I*, 529 A.2d at 804, referred to "the independent negligence claim against the Association." That convenient label cannot mask the fact that

the Count III liability alleged against the Association, though independent of Dr. Robinson's primary liability, cannot be independent of the primary liability of some other individual employee or employees of the corporate defendant.

5. Count III alleged that the complained-of negligence

includes but is not limited to the formulation, lack of formulation, execution and lack of execution of any procedures, rules, responsibilities and training relating to circumstances such as were presented to the employees of Kennebec Mental Health Association; the failure to have adequate records available for its staff; the failure of its staff to recognize and appreciate the seriousness of Elwyn B. Hewett, Jr.'s problems; the failure to obtain correct information or adequate information from Elwyn B. Hewett, Jr. or from other sources regarding him; the failure to warn the potential or likely victims of Elwyn B. Hewett, Jr.

Although Count III pleads the negligence as being that of the Association and mentions its staff only twice, that corporation can act only through human beings.

6. Alena Hewett's complaint alleges that Butch's assault on his mother occurred on or about December 14, 1977. At that time 14 M.R.S.A. § 753 (1980) read in full as follows:

Actions for assault and battery, and for false imprisonment, slander, libel and malpractice of physicians and all others engaged in the healing art shall be commenced within 2 years after the cause of action accrues.

Effective August 1, 1988, section 753 was amended to delete malpractice actions against physicians and all others engaged in the healing art, coincident with the enactment of 24 M.R.S.A. § 2902 (Supp.1988). P.L.1985, ch. 804, §§ 1, 13.

ills just as much as physical ills. Thus section 753 imposed a two-year limitation upon Alena's Count I claim against Dr. Robinson. In turn, the Association's liability under Count II being vicarious to Dr. Robinson's liability, the Association had available the same statute of limitations defense that was available to Dr. Robinson. *See Ware v. Galveston City Co.,* 111 U.S. 170, 174, 4 S.Ct. 337, 339, 28 L.Ed. 393 (1884); *Restatement (Second) of Agency* § 219 comment c (1958). Thus Count II would be controlled by the same two-year statute of limitations as Count I.

■ Alena Hewett's personal representative settled with Dr. Robinson and dismissed her Count I claim against him. The Superior Court then dismissed her Count II claim which asserted liability of the Association vicariously for Dr. Robinson's alleged negligence.[7] Her personal representative continues to press her Count III claim against the Association, and the decisive issue before us on appeal is whether the two-year limitation of section 753 also governs that claim. Alena elected not to sue individually the Association's employees responsible for the negligence pleaded in Count III. But since the Association's liability is necessarily only vicarious to that of its employees, the question becomes whether the unidentified Association employees responsible for the negligence alleged in Count III in connection with the diagnosis and treatment of Butch were engaged in the healing art within the meaning of section 753. We conclude that those employees, whether they were psychologists like Dr. Robinson or were auxiliary staff, were all engaged in the healing art and that any negligence in their performance in that engagement constituted malpractice in the broad sense in which that term is used in the statute. Accordingly, we hold that Alena's Count III claim against the Association based on the negligence of employees other than Dr. Robinson is also controlled by the same two-year statute of limitations.

The statutory phrase "all others engaged in the healing art" is in terms all-encompassing. We follow the time-honored canon of statutory construction that "[w]ords which are not expressly defined in the applicable statute must be accorded their plain and common meaning and should be construed according to their natural import." *Brousseau v. Maine Employment Sec. Comm'n,* 470 A.2d 327, 330 (Me.1984). All means all. All employees of the Association who had anything to do with Butch Hewett and the subject matter of the present lawsuit had responsibilities in regard to the diagnosis and treatment of mental patients. Butch Hewett went to the Association for treatment of his mental illness, and Alena Hewett's Count III claim when analyzed for its substance states simply that some one or more unidentified employees, whether psychologists or not, had been negligent in ways that resulted in an inadequate response to Butch Hewett's needs for the "healing art."

In the context of section 753 one has no difficulty in characterizing as "malpractice" the alleged negligence of the employees, other than Dr. Robinson, who were in any way responsible for the alleged deficiencies in the diagnosis and treatment Butch received on his visits to the outpatient facility. That term is fairly read to refer to actionable torts committed by any and "all [persons] engaged in the healing art" in the course of that engagement. Thus, whoever the individuals were who may have committed the breaches of duty in regard to Butch Hewett's mental illness that Count III alleges, their tortious action or omission constituted "malpractice." The legislature presumably prescribed the shorter statute of limitations for actions against persons engaged in the healing art because of a special value it places on the human service they provide and because of a special need it recognizes for prompt investigation of the circumstances of alleged negligence. *See Houk v. Furman,* 613 F.Supp. 1022, 1035 (D.Me.1985). In the context of this case, there is no justification

7. In *Hewett I,* 529 A.2d at 803, we affirmed the Superior Court's dismissal of Count II by an evenly divided court.

in those legislative purposes for making a distinction between the Association employee who has a Ph.D. degree in psychology and one who does not.

█ Finally, we reject Alena's contention that, even if section 753's two-year statute of limitations controls here, her amended complaint filed in 1986 should relate back to the filing in 1979 of a complaint by Elwyn Hewett, Sr., on behalf of his children. In *Hewett I* we held that Alena's 1986 amended complaint, arising as it does out of the same transaction or occurrence that was the subject matter of her original 1983 complaint, relates back to the time in 1983 when she filed that original complaint. 529 A.2d at 804 (citing M.R.Civ.P. 15(c)). Alena's amended complaint, however, cannot relate back to a complaint filed four years earlier by her husband on a different claim on behalf of different plaintiffs. Alena first moved to intervene as a plaintiff to make a claim against the Association on June 27, 1983. That date is far beyond the two-year limitation period applicable to Alena's injuries suffered on or about December 14, 1977. The Association is entitled to summary judgment on Count III, the sole claim remaining in this action.

The entry is: Judgment affirmed.

All concurring.