[No. B080287. Second Dist., Div. Two. May 26, 1994.]

DEBBIE REYNOLDS PROFESSIONAL REHEARSAL STUDIOS,
Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
SYLVIA JOHNSON, Real Party in Interest.

## COUNSEL

Tuverson & Hillyard, Jeffrey S. Kramer and Christopher J. Nevis for Petitioner.

No appearance for Respondent.

Garland O. Bell for Real Party in Interest.

## OPINION

**NOTT, J.**—Petitioner, Debbie Reynolds Professional Rehearsal Studios, seeks a writ of mandate directing the superior court to set aside an order denying its motion for judgment on the pleadings. Code of Civil Procedure, section 340.1[1] extends the statute of limitations for a civil action based on childhood sexual abuse. We are asked to determine whether the tolling provision of that statute applies to the employer of an alleged abuser. We hold that it does not.

### I. FACTS

In her amended complaint, real party in interest Sylvia Johnson alleges that a dance instructor employed by petitioner sexually assaulted her over a four-year period beginning when she was fifteen years of age. On December 21, 1992, at the age of 26, real party filed this action against her alleged assailant. Petitioner was joined on the theory that it had caused real party to suffer damages by negligently hiring, training and retaining the alleged assailant, an unfit employee. Real party also claimed her assailant, at the time he sexually assaulted her, was acting within the scope of his employment as petitioner's "agent, servant and/or employee."

Petitioner moved for judgment on the pleadings, claiming that because real party failed to file the complaint within one year of the date she became an adult her action was time-barred. Real party opposed, arguing that her suit (filed just prior to her 27th birthday) was governed by section 340.1, which tolls the statute of limitations for causes of action based on childhood sexual abuse.

In denying the motion, the superior court opined that section 340.1 applies not only to the perpetrator of childhood sexual abuse, but also to his

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

"principal." Implied within this ruling is that real party's complaint sufficiently sets forth facts demonstrating that her assailant's tortious acts were within the course and scope of his employment as a dance instructor.

In this mandate proceeding, petitioner asserts that our Legislature intended section 340.1 to apply only to claims filed against the perpetrators of childhood sexual abuse, and not to those premised on an employer's direct negligence in hiring and supervising an alleged assailant, or to those premised on vicarious liability under the respondeat superior doctrine. Real party, on the other hand, remains steadfast in her contention that section 340.1 applies to any "related, ancillary causes of action for negligence which may have legally contributed to the victim's damages."

On the facts alleged, petitioner cannot, as a matter of law, be held vicariously liable for the tortious acts of real party's assailant. This being so, we need not decide whether section 340.1 applies to claims based on vicarious liability under the doctrine of respondeat superior. We need only decide whether the delayed statute of limitations applies to those counts premised on petitioner's direct negligence in hiring, supervising and retaining real party's assailant.

## II. DISCUSSION

### A. *Respondeat Superior Doctrine*

■ "Under the doctrine of *respondeat superior*, the innocent principal or employer is liable for the torts of the agent or employee committed while acting within the *scope of his employment*." (2 Witkin, Summary of Cal. Law (9th ed. 1987) § 115, p. 109, italics in original.) The doctrine is invoked to prevent recurrence of the tortious conduct, to give greater assurance of compensation for the victim, and to ensure that the victim's losses will be equitably borne by those who benefit from the enterprise that gave rise to the injury. (*Mary M.* v. *City of Los Angeles* (1991) 54 Cal.3d 202, 209 [285 Cal.Rptr. 99, 814 P.2d 1341].)

■ The plaintiff bears the burden of proving that the employee's tortious act was committed within the scope of his employment. (*Ducey* v. *Argo Sales Co.* (1979) 25 Cal.3d 707, 721 [159 Cal.Rptr. 835, 602 P.2d 755].) Ordinarily this is a question of fact. (*John R.* v. *Oakland Unified School Dist.* (1989) 48 Cal.3d 438, 447 [256 Cal.Rptr. 766, 769 P.2d 948].) However, it becomes one of law "where the undisputed facts would not support an inference that the employee was acting within the scope of his [or her] employment." (*Ibid.*, citing *Alma W.* v. *Oakland Unified School Dist.*

(1981) 123 Cal.App.3d 133 [176 Cal.Rptr. 287].) The question turns on whether or not the act performed was either required by or incident to an employee's duties, or the employee's misconduct could be reasonably foreseen by the employer in any event. (*Clark Equipment Co.* v. *Wheat* (1979) 92 Cal.App.3d 503, 520 [154 Cal.Rptr. 874].)

■ "In assessing whether an employee's wrongful act was required by or incidental to his duties, the law defines occupational duties broadly. The fact that an employee is not engaged in the ultimate object of his employment at the time of his wrongful act does not preclude attribution of liability to an employer. [Citation.] For example, acts necessary to the comfort, convenience, health, and welfare of the employee while at work, though strictly personal to himself and not acts of service, do not take him outside the scope of his employment. [Citation.] However, that is not to say, that employers are strictly liable for all actions of their employees during working hours. If an employee substantially deviates from his duties for personal purposes, the employer is not vicariously liable for the employee's actions. [Citations.]" (*Alma W.* v. *Oakland Unified School Dist., supra*, 123 Cal.App.3d at p. 139.)

■ Real party alleges her assailant was employed by petitioner as a dance instructor, and that he did on numerous occasions, on and off petitioner's premises, sexually molest and abuse her. She also claims he threatened to "kill, maim, hit, slap, punch, kick or otherwise physically harm [her] unless she complied with [his] demands for his sexual gratification." This conduct allegedly violated certain sections of the California Penal Code "including but not limited to Sections 288a; 286(a), (b)(1) and (b)(2)(i); 288 (c); and Section 647.6." The molestation was allegedly accomplished by the "dominance and duress inherent in [the assailant's] position and authority" as real party's "mentor, dance instructor and parental figure." As required in a review of a motion for judgment on the pleadings, we accept these allegations as true. (*Gruenberg* v. *Aetna Ins. Co.* (1973) 9 Cal.3d 566, 572 [108 Cal.Rptr. 480, 510 P.2d 1032].)

However, the only inference to be drawn from the facts as pleaded is that real party's assailant was not acting in the course and scope of his employment at the time of the sexual assaults. His wrongful conduct was so divorced from his duties and work that, as a matter of law, it was outside the scope of his employment. He was hired to teach dance, not to molest, abuse, or threaten minors. Sexual abuse simply is not typical of or broadly incident to the enterprise undertaken by petitioner.

Nor were the molestations foreseeable. ■ Foreseeability "as a test for *respondeat superior* merely means that in the context of the particular

enterprise an employee's conduct is not so unusual or startling that it would seem unfair to include the loss resulting from it among other costs of the employer's business. [Citations.]" (*Rodgers* v. *Kemper Constr. Co.* (1975) 50 Cal.App.3d 608, 619 [124 Cal.Rptr. 143].) A more unusual and startling event scarcely can be imagined.

 Moreover, application of respondeat superior would not further the three previously stated policy objectives underlying the doctrine. First, it would not prevent recurrence of the assaults. Real party claims petitioner had a duty to provide physical security for the minors that were on its premises, and that petitioner "actually created an environment that encouraged" her assailant to carry out his acts of sexual molestation. This allegation appears to be based on her claim that petitioner "maintained a rehearsal building with individual studios, and their use was open to the general public on a reservation basis. On the premises was an enclosed parking lot with a mobile trailer located next to the main entrance to the studio. During all relevant times the trailer was given to [the assailant] for his exclusive use in exchange for his reserving large blocks of studio time." The suggestion seems to be that because the dance instructor/assailant on occasion used an on-site trailer in the commission of his offense, the acts of child molestation were, therefore, incidental to his teaching duties. Of course, "[w]here an employee pursues his own ends, the use of property or facilities entrusted to him by the principal is an inadequate basis for imputing liability to the employer [Citation.]." (*Alma W.* v. *Oakland Unified School Dist.*, *supra*, 123 Cal.App.3d at p. 140.)

Furthermore, real party ignores the fact that petitioner had no right to control the purely personal conduct of its employees. As in most cases of a similar nature, the assailant here is alleged to have "carried out his acts of sexual molestation . . . in secret, away from the sight and knowledge of others." Real party asserts that petitioner, as a school or educational institution of children, had a duty to exercise care and concern for real party's safety and to protect her from sexual molestation. In other words, because petitioner placed her assailant in a position of trust as a "teacher," petitioner was obligated to impose rigorous controls on his activities. The preventative measures real party suggests include more careful selection of employees and closer monitoring of their conduct. These concerns are, however, better addressed by holding defendants such as petitioner to the exercise of due care in such matters and subjecting them to liability only for their own direct negligence in that regard. (See *John R.* v. *Oakland Unified School Dist.*, *supra*, 48 Cal.3d at p. 451.)

Nor would application of respondeat superior in this case meet the remaining two policy objections underlying the doctrine, that is to give greater

assurance of compensation to real party or ensure that her losses will be "equitably" borne by those who benefit from the enterprise that gave rise to the injury. Nothing contained within the complaint or record suggests that the dance instructor's conduct was actuated by a purpose to serve petitioner. His acts can only be described as self-serving pursuits unrelated to petitioner's activities. Indeed, it is difficult to imagine how it could be otherwise since "[t]he very essence of child molestation is the gratification of sexual desire." (*J. C. Penney Casualty Ins. Co.* v. *M. K.* (1991) 52 Cal.3d 1009, 1021 [278 Cal.Rptr. 64, 804 P.2d 689].)

Further, because the acts here differ from the normal range of risks for which costs can be spread and insurance sought (See *Alma W.* v. *Oakland Unified School Dist.*, *supra*, 123 Cal.App.3d at p. 144), the imposition of vicarious liability on private employers for the sexual torts of their employees would tend to make insurance harder, if not impossible, to obtain.

In sum, none of the three policy objectives underlying respondeat superior would be achieved by applying the doctrine against an employer, when its employee, a dance instructor entrusted with the care of minors, misuses his authority and commits an act of child molestation. Having concluded that the doctrine should not be invoked, we need not resolve real party's claim that section 340.1 applies to a cause of action based on an employer's vicarious liability.

B. *Direct Negligence*

We next consider whether section 340.1 applies to those causes of action premised upon petitioner's alleged negligence in hiring, supervising and retaining real party's assailant.

The limitations period applicable to a cause of action for negligence is one year. (§ 340, subd. (3).) If the cause of action accrues while the plaintiff is a minor, the statute is tolled until he or she becomes an adult (§ 352, subd. (a).) A complaint must, therefore, be filed within one year of the plaintiff's eighteenth birthday. Real party did not file her complaint until December 21, 1992, just a few days prior to her 27th birthday. Accordingly, unless section 340.1 applies, her suit against petitioner is time-barred.

Section 340.1, as originally enacted,[2] permitted any claim based on sexual abuse by a "household or family member" to be brought at any time up to the plaintiff's 21st birthday.

In 1990, section 340.1 was amended so that it now applies to civil actions based on the sexual molestation of a minor by anyone, not just those designated as "household or family member[s]." The deadline for commencing suit alleging childhood sexual abuse was extended to the plaintiff's 26th birthday, or even later so long as suit is filed within 3 years of the date on which the plaintiff knows or should know of psychological injury resulting from the abuse. (§ 340.1, subd. (a).)[3]

The purpose of the 1990 statutory change was, in part, to overcome the holding in *Snyder* v. *Boy Scouts of America, Inc.* (1988) 205 Cal.App.3d 1318 [253 Cal.Rptr. 156]. In that case, an action against the Boy Scouts of America, Inc., was brought more than one year after plaintiff reached his majority. He alleged that while a minor he was molested by a scout leader. Plaintiff sought recovery on the grounds that the scout leader was an agent

---

[2] Former section 340.1 provided:

"(a) In any civil action for injury or illness based upon lewd or lascivious acts with a child under the age of 14 years, fornication, sodomy, oral copulation, or penetration of genital or anal openings of another with a foreign object, in which this conduct is alleged to have occurred between a household or family member and a child where the act upon which the section is based occurred before the plaintiff attained the age of 18 years, the time for commencement of the action shall be three years.

"(b) 'Injury or illness' as used in this section includes psychological injury or illness, whether or not accompanied by physical injury or illness.

"(c) 'Household or family member' as used in this section includes a parent, stepparent, former stepparent, sibling, stepsibling, any other person related by consanguinity or affinity within the second degree, or any other person who regularly resided in the household at the time of the act, or who six months prior to the act regularly resided in the household.

"(d) Nothing in this bill is intended to preclude the courts from applying delayed discovery exceptions to the accrual of a cause of action for sexual molestation of a minor.

"(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

[3] Section 340.1 provides in pertinent part:

"(a) In any civil action for recovery of damages suffered as a result of childhood sexual abuse, the time for commencement of the action shall be within eight years of the date the plaintiff attains the age of majority or within three years of the date the plaintiff discovers or reasonably should have discovered that psychological injury or illness occurring after the age of majority was caused by the sexual abuse, whichever occurs later.

"(b) 'Childhood sexual abuse' as used in this section includes any act committed by the defendant against the plaintiff which act occurred when the plaintiff was under the age of 18 years and which act would have been proscribed by Section 266j of the Penal Code; Section 285 of the Penal Code; paragraph (1) or (2) of subdivision (b), or of subdivision (c), of Section 286 of the Penal Code; subdivision (a) or (b) of Section 288 of the Penal Code; paragraph (1) or (2) of subdivision (b), or of subdivision (c), of Section 288a of the Penal Code; subdivision (h), (i), or (j) of Section 289 of the Penal Code; Section 647.6 of the Penal Code; or any prior laws of this state of similar effect at the time the act was committed."

of the Boy Scouts, and that the organization failed to take proper precautions to guard against the sexual abuse. (At p. 1322.) The trial court entered a judgment of dismissal after granting defendant's motion for summary judgment on the ground the action was not brought within one year after plaintiff reached eighteen years of age, and thus was barred by section 340, subdivision (3). On appeal, the judgment was affirmed, in part because the plaintiff did not allege that the scout leader was a household or family member as that term was used in the three-year statute of limitations provided by former section 340.1. (205 Cal.App.3d at p. 1325.)

Section 340.1 was amended in an attempt "to hold molesters accountable for their behavior so that they are not 'off the hook' as soon as their victims reach age 21." (See statement of Sen. William Lockyer, Author of Sen. Bill No. 108, Chairman, Sen. Com. on Judiciary (1989-1990 Reg. Sess.).) In determining whether the Legislature also meant to extend the statute of limitations to "ancillary" claims based on an employer's direct negligence in hiring and supervising its employees, we look first to the statutory text, "assuming that the Legislature chose its words carefully and assigned them their usual and ordinary meaning. [Citation.]" (*Cassista* v. *Community Foods, Inc.* (1993) 5 Cal.4th 1050, 1056 [22 Cal.Rptr.2d 287, 856 P.2d 1143].) The plain language will control unless the statutory language is unclear, the plain meaning of the words is at variance with the policy of the statute as a whole, or a clearly expressed legislative intent exists contrary to the language of the statute. (See *Halbert's Lumber, Inc.* v. *Lucky Stores, Inc.* (1992) 6 Cal.App.4th 1233, 1238-1239 [8 Cal.Rptr.2d 298], *Alford* v. *Pierno* (1972) 27 Cal.App.3d 682, 688 [104 Cal.Rptr. 110].)

Amended section 340.1 provides that a plaintiff may file a civil action seeking damages for "any act committed by a defendant against a plaintiff . . . and which act would have been proscribed" by specified Penal Code sections each setting forth acts on the part of an individual which are unlawful and constitute cause for imprisonment and fines.

An act is, of course, a "deed." (Webster's Third New Internat. Dict. (1981) p. 20.) The word "commit" means "perform." (*Id.* at p. 457), and the word "proscribe" means to "prohibit" or "forbid." (*Id.* at p. 1820.) By its plain terms, section 340.1 applies an extended statute of limitations only to those defendants who perpetrate, against minors, certain intentional criminal acts prohibited by law.[4]

Ignoring this relatively plain statutory language, real party claims the Legislature could not have intended such a result. She dismisses the enumeration within section 340.1 of those Penal Code sections dealing with sexual

---

[4]By including Penal Code section 266j as a prohibited act, it seems clear that section 340.1 defines an individual who intentionally makes a child available for sexual abuse as a perpetrator of child abuse and thus covered by the statute.

abuse as merely the Legislature's way of defining what child sexual abuse is by "indicating what acts would constitute childhood sexual abuse and which [acts would] give rise to causes of action for damages stemming from such abuse." In our opinion, the Legislature, in defining what constitutes sexual abuse, referred to the criminal statutes to make clear that childhood sexual abuse is an intentional rather than a negligent act. This is, of course, consistent with our Supreme Court's view of child molestation. (See *J. C. Penney Casualty Ins. Co. v. M. K., supra*, 52 Cal.3d 1009.)

Real party points out that the current amendment to section 340.1 replaced the phrase, "any civil action for injury or illness," with the phrase "any civil action for recovery of damages." She concludes that this change evinces the Legislature's intent to apply an extended statute of limitations to actions against employers based on their direct negligence in hiring and supervising their employees. Real party's statutory argument would require this court to assume that our Legislature chose a surprisingly indirect route to convey an important and easily expressed message. This we decline to do.

In urging such a strained construction, real party ignores not only the statutory language, but also the pertinent legislative history. The purpose of former section 340.1 was to allow victims of *incest* an extended period of time within which to file civil suits against their molesters. Our legislators concluded that the unique nature of injury and illness resulting from incestuous sexual child abuse justified the three-year statute of limitations provided by former section 340.l, and that a civil action was an appropriate remedy for incestuous abuse because victims should be able to make their abusers pay for their psychological therapy, civil liability may deter potential abusers, and the bringing of a civil action may benefit the victim psychologically.

Later, of course, the decision *Snyder v. Boy Scouts of America, Inc., supra*, 205 Cal.App.3d 1318, caused our Legislature to question the wisdom of restricting the scope of section 340.1 to "household and family member[s]" and the statute was amended. Although its scope was expanded, it was not broadened to the extent urged by real party. The Legislature simply responded to the obvious, i.e., that child sexual abuse often occurs at the hands of persons outside the child's family, and concluded that there is no justification for treating victims of such abuse differently from victims of abuse by a family or household member, as the same psychological injuries and dynamics of repression and disassociation occur.

The obvious goal of amended section 340.1 is to allow sexual abuse victims a longer time period in which to become aware of their psychological injuries and remain eligible to bring suit against their abusers. Nothing

contained within the Legislative history suggests that section 340.1 was intended to apply to "related, ancillary" causes of action such as those asserted against petitioner.

When "a statute enumerates the persons or things to be affected by its provisions, there is an implied exclusion of others." (*Estate of Pardue* (1937) 22 Cal.App.2d 178, 180-181 [70 P.2d 678].) Here, the Legislature specifically provided that section 340.1 was to apply only to those who perpetrate intentional acts of sexual abuse. We conclude, therefore, that the Legislature intended to exclude from the statute's scope defendants such as petitioner who are alleged to have contributed to real party's damages by negligently hiring, training and retaining the abuser.

## III. Conclusion

There is an important distinction between a defendant who is accused of intentionally sexually abusing a child and those who, through their negligence, contribute to the damages of a child abuse victim. Our Legislature, aware it was limiting the scope of the statute, recognized that it is the perpetrator of the abuse who is responsible for instilling the psychological defense mechanism leading to repression. It is this aspect of the repression phenomenon that our Legislature found deserving of special attention and caused it to enact a delayed discovery statute of limitations directed specifically at the perpetrator of the sexual abuse.

The Legislature's decision to limit application of section 340.1 to the perpetrators of child sexual abuse is understandable. It is one thing to extend a statute of limitations to the individual primarily responsible for the plaintiff's injuries, and another to apply an open-ended period of limitations to the employer of the assailant. To allow lawsuits based on an employer's negligence in hiring, training and retaining an employee years after the abuse is alleged to have occurred, and, in many cases, years after the assailant's employment has ended, would, we believe, have serious economic repercussions which would stifle business growth.

More importantly, it would deny such defendants a meaningful opportunity to defend against such accusations. Real party argues that it would be unfair not to allow abuse victims an opportunity to hold employers liable for their negligent acts. She misses the point. The question here is not whether employers such as petitioner may be sued for negligence. It is whether an extended statute of limitations should be applied to these negligence causes of action. To hold that section 340.1 applies to those who negligently hire, train and retain sexual assailants would, in our opinion, defeat the purpose of

a statute of limitations, which is to prevent claims from being brought when memories have faded, evidence has been lost, and witnesses have disappeared. (*Duty* v. *Abex Corp.* (1989) 214 Cal.App.3d 742, 748-749 [263 Cal.Rptr. 13].) The balance struck by our legislators, i.e., extending the statute of limitations for childhood sexual abuse to the perpetrator of the abuse, without extending it to their employers, appears appropriate.

## IV. DISPOSITION

The superior court is directed to set aside its order denying petitioner's motion for judgment on the pleadings and to enter a new and different order granting the motion. The temporary stay imposed on December 22, 1993, is vacated.

Boren, P. J., and Gates, J., concurred.