**Stephen C. ALLEN, Plaintiff**

v.

**Raymond FOREST, et al., Defendants**

No. CIV.02–157–P–C.

United States District Court, D. Maine.

March 4, 2003.

Theodore H. Irwin, Douglas, Denham, Buccina & Ernst, Portland, ME, for Stephen C Allen, Plaintiff.

Raymond Forest, Deland, FL, Pro se.

Peter J. Detroy, III, Norman, Hanson & Detroy, Portland, ME, for Boy Scouts of America, defendant.

Gene R. Libby, Michael J. Donlan, Verrill & Dana, Kennebunk, ME, for Pine Tree Counsel, Inc. Boy Scouts of America, Defendant.

## ORDER CERTIFYING QUESTION OF STATE LAW TO MAINE SUPREME JUDICIAL COURT

GENE CARTER, Senior District Judge.

In this action asserting claims arising out of alleged sexual assaults on the plaintiff by the individual defendant in the years 1981 to 1983, while the plaintiff was a minor, the other defendants, the Boy Scouts of America and the Pine Tree Council, Inc., Boy Scouts of America, have moved for summary judgment on all claims asserted against them. Both of these defendants contend that these claims are barred by Maine's general statute of limitations, 14 M.R.S.A. § 752, and that Maine's statute of limitations for sexual acts toward minors, 14 M.R.S.A. § 752–C, applies only to claims against the perpetrators of such acts and not to claims against others based on vicarious liability for the

acts of the perpetrator. For the reasons stated below, the Court will certify the question raised by this argument to the Maine Supreme Judicial Court.

## Background

The individual defendant, Raymond Forest, filed a petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida on September 16, 2002 (Docket No. 7), and, as a result, this action is stayed as to him, 11 U.S.C. § 362(a). The remaining parties have presented the following undisputed facts in their submissions in connection with the motions for summary judgment.

Defendant Boy Scouts of America is a private volunteer movement that is part of the worldwide scouting movement. The United States Congress chartered the Boy Scout movement in 1916 to deliver the scouting program to American youth through existing community organizations. The Boy Scouts of America issues charters to local councils, such as Defendant Pine Tree Council, Inc., to promote scouting within a prescribed geographic area. The Pine Tree Council supports chartered organizations that sponsor Boy Scout troops; it is run by a volunteer board of directors with the power to hire and fire a scout executive. The individual defendant, Raymond Forest, was employed by the Pine Tree Council as a district executive from 1976 through 1983.

The plaintiff was born on September 2, 1970. He lived in Damariscotta, Maine from 1976 through 1988. He joined Cub Scout Pack 218 in the third grade and Boy Scout Troop 213 in 1980 or 1981. The plaintiff alleges that Forest engaged in sexual acts with him beginning in 1980 or 1981. He disclosed the abuse to his par-

ents in 1983, after which he was interviewed by a sergeant from the Lincoln County Sheriff's Department. Forest was indicted on three counts of gross sexual misconduct and three counts of unlawful sexual contact as a result of this report and pleaded guilty to all charges. Forest was sentenced to jail. Forest's abuse of the plaintiff included "sexual acts" and "sexual contact" with a minor as defined by 17–A M.R.S.A. § 251.

The complaint in this action was filed on July 30, 2002. It alleges negligence, negligent infliction of emotional distress [1] and vicarious liability against each of the moving defendants. Both of the moving defendants contend that the claims are barred by 14 M.R.S.A. § 752, which provides that "[a]ll civil actions shall be commenced within 6 years after the cause of action accrues and not afterwards." Because the plaintiff was a minor at the time the alleged cause of action accrued, if section 752 applies he may bring this action "within the times limited herein after the disability is removed." 14 M.R.S.A. § 853. This action was filed more than 6 years after the plaintiff attained the age of majority. Both of the moving defendants also contend that 14 M.R.S.A. § 752–C(1) does not apply to the claims asserted against them because the sexual acts at issue were committed by Forest, and their liability, if any, can only be derivative of Forest's direct liability. That statute provides that "[a]ctions based upon sexual acts toward minors may be commenced at any time."

## Discussion

 In Maine, certification to the Supreme Judicial Court is authorized by 4 M.R.S.A. § 57, which provides in relevant part:

---

1. The plaintiff states that he has "abandon[ed]" this claim. Objection to Motion for

Summary Judgment of Defendant Pine Tree Council, etc. (Docket No. 16) at 14.

When it appears to ... any ... district court of the United States[ ] that there is involved in any proceeding before it one or more questions of law of this State, which may be determinative of the cause, and there are not clear controlling precedents in the decisions of the Supreme Judicial Court, such federal court may certify any such questions of law of this State to the Supreme Judicial Court for instructions concerning such questions of state law, which certificate the Supreme Judicial Court sitting as a law court may, by written opinion, answer.

*See also* M.R.App. P. 25(a). Under section 57, this Court may certify a question of state law to the Supreme Judicial Court if it finds that there is no clear, controlling state-law precedent. *See Nuccio v. Nuccio,* 62 F.3d 14, 17 (1st Cir.1995). In addition, certification is appropriate only if there is no dispute as to the material facts, and the Supreme Judicial Court's answer to the proposed state-law question will, "in at least one alternative, be determinative of" the federal cause. *Lovell v. One Bancorp,* 614 A.2d 56, 57 (Me.1992). As discussed below, whether 14 M.R.S.A. § 752–C applies to claims against defendants other than the perpetrator of sexual acts toward minors that provide the basis of those claims is an unsettled question under Maine law and the answer to that question would, in one alternative, be determinative of the plaintiff's claims against the only defendants whose liability may be determined by this court at this time.

The existence of disputed facts with respect to separate issues not raised by the certified question which are not themselves potentially determinative of the underlying action does not render it inappropriate for [the Supreme Judicial Court sitting as the Law Court] to address the question or questions presented. The exercise of [its] jurisdiction is proper if there are no clear controlling precedents and [its] answer will, in one alternative, be determinative of the case.

*North River Ins. Co. v. Snyder,* 804 A.2d 399, 401–02 (Me.2002) (citation and internal punctuation omitted). Each of the moving defendants has asserted alternative grounds for summary judgment, some of which address only certain counts of the complaint, and the facts relevant to some of those grounds are disputed. The facts relevant to the statute-of-limitations defense asserted by both of these defendants are undisputed and, if section 752–C is not applicable to the claims against them, that conclusion is dispositive of all claims asserted against them in the complaint.

The parties have cited case law from other jurisdictions that they suggest provide persuasive authority for their opposing positions on this issue. Section 752–C defines "sexual acts toward minors" as "sexual act[s]" as defined in 17–A M.R.S.A. § 251(1)(C) and "sexual contact" as defined in 17–A M.R.S.A. § 251(1)(D), 14 M.R.S.A. § 752–C(2), both of which are criminal statutes. The defendants begin with the argument that they themselves committed no criminal acts against the plaintiff and thus any claims against them are not subject to section 752–C. They cite *Kelly v. Marcantonio,* 678 A.2d 873 (R.I. 1996), and *Debbie Reynolds Prof'l Rehearsal Studios v. Johnson,* 25 Cal.App.4th 222, 30 Cal.Rptr.2d 514 (Cal.App.1994), in support of their position. The statute of limitations at issue in *Kelly* applied to claims "based on intentional conduct ... for recovery of damages for injury suffered as a result of childhood sexual abuse" and defined "childhood sexual abuse" as "any act committed by the defendant against a complainant who was less than eighteen (18) years of age at the time of the act." 678 A.2d at 875–76. The court held that the definition limited appli-

cation of the statute of limitations to actions against the perpetrator of the childhood sexual abuse. *Id.* at 876. In *Debbie Reynolds*, after concluding that *respondeat superior* liability was not available in connection with a claim against the employer of an alleged abuser, the court held that a statute of limitations with a definition of "childhood sexual abuse" essentially identical to that at issue in *Kelly* did not apply to claims of direct negligence asserted against the employer. 25 Cal.App.4th at 229, 230 n. 3, 233, 30 Cal.Rptr.2d 514.

The plaintiff opposes the defendants' interpretation of section 752–C and cites four cases in support of his position: *Almonte v. New York Med. Coll.*, 851 F.Supp. 34 (D.Conn.1994); *Werre v. David*, 275 Mont. 376, 913 P.2d 625 (1996); *Lourim v. Swensen*, 328 Or. 380, 977 P.2d 1157 (1999); and *C.J.C. v. Corporation of the Catholic Bishop of Yakima*, 138 Wash.2d 699, 985 P.2d 262 (1999). The statute of limitations at issue in *Almonte* provided, in relevant part, that "no action to recover damages for personal injury to a minor … caused by sexual abuse … may be brought by such person later than seventeen years from the date such person attains the age of majority." 851 F.Supp. at 37. The court held, on public policy grounds, that this statute applied to "nonoffender prospective defendants" as well as perpetrators. *Id.* at 37–39. In *Werre*, the statute of limitations involved provided, in relevant part, that "[a]n action based on intentional conduct brought by a person for recovery of damages for injury suffered as a result of childhood sexual abuse must be commenced not later than … 3 years after the plaintiff discovers or reasonably should have discovered that the injury was caused by the act of childhood sexual abuse." 913 P.2d at 630. The court held that the words "based on intentional conduct" meant that intentional sexual abuse must be the foundation for the

claim and, since a claim against the third party seeking to avoid application of the statute would not exist absent the intentional conduct of the perpetrator, the statute applied to such claims as well. *Id.* at 632. The Washington statute at issue in *C.J.C.* included the same language as was present in the statute construed in the *Werre* case, but it also included a definition of "childhood sexual abuse" identical to that in the statute at issue in *Kelly.* *C.J.C.*, 985 P.2d at 266. The court held that the "gravamen" of the plaintiffs' complaints against the non-perpetrator defendants was the sexual abuse and that the claims against these defendants thus came within the meaning of the statute. *Id.* at 267–68. And in *Lourim*, where the statute of limitations at issue applied to "an action based on conduct that constitutes child abuse" and defined "child abuse," *inter alia*, as "sexual abuse" as defined in a criminal statute, the court held that an action based on the doctrine of *respondeat superior* was within the statutory definition because the claim was "based on conduct that constitutes child abuse" in that the non-perpetrator defendant would be liable, if at all, for damages for injuries suffered as a result of the child abuse. 977 P.2d at 1161–62.

The language of each of the state statutes construed in these cases differed from that of section 752–C. The courts in *Kelly* and *C.J.C.* reached opposite results in construing essentially identical language. Under the circumstances, none of these opinions provides persuasive authority for interpretation of section 752–C.

The plaintiff also cites two Maine cases. In *Doherty v. Talbot*, 2000 WL 33675684 (Me.Super.Mar.24, 2000), a justice of the Superior Court stated:

As to defendants' argument that § 752–C is inapplicable because only

Talbot is the alleged abuser and claims against Cheverus and the Jesuits are based on other tort theories, this court determines, in the absence of defining case law, statutes or other Maine precedent, that it was the legislative intent that "[a]ctions *based upon* ... a sexual act" (emphasis added) include more than claims against the perpetrator.

*Id.* at *2. In *Hewett v. Kennebec Valley Mental Health Ass'n*, 557 A.2d 622 (Me. 1989), the Maine Supreme Judicial Court sitting as the Law Court stated that the statute of limitations then in effect for psychological malpractice applied to a claim against the psychologist's employer for negligence "in failing to have adequate procedures and personnel for proper diagnosis and treatment" of a patient who injured the plaintiff. *Id.* at 622–24. That statute has since been repealed. There is no indication in the opinion that the defendant took the position that only the psychologist was subject to the statute; indeed, there is every indication that the defendant took the position that it was also subject to the statute, and accordingly the Law Court was not confronted with the issue presented in the instant case. These differences, and the lack of analysis presented in the Superior Court's opinion in *Doherty*, make it inadvisable for this Court to rely on either as a "clear controlling precedent[ ]."

Because the Court is unable to predict the path of Maine law in regard to claims against non-perpetrator defendants with respect to 14 M.R.S.A. § 752–C, it will certify the following question to the Maine Supreme Judicial Court.

Is 14 M.R.S.A. § 752–C applicable to claims against parties other than the perpetrator of the sexual acts toward minors that provide the factual basis for those claims?

This question is properly certified given this Court's inability to predict how it would be answered under Maine law, the lack of factual dispute, and the fact that resolution of this question will be, in at least one alternative, determinative of the federal claims.

Accordingly, it is **ORDERED** that the question, stated above, regarding the applicability of 14 M.R.S.A. § 752–C to claims against parties other than perpetrators of sexual acts toward minors be **CERTIFIED**. The Clerk is hereby **DIRECTED** to cause twelve (12) copes of this Order to be certified, under official seal, to the Maine Supreme Judicial Court sitting as the Law Court. It is **FURTHER ORDERED** that the Clerk of this Court be, and is hereby, authorized and directed to provide, without any cost, to the Law Court, upon written request of the Chief Justice or the Clerk thereof, copies of any and all filings of the parties herein and of the docket sheets pertaining to this case.