Filed 10/19/16 Unmodified opinion attached

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| A.M., a Minor, etc.,<br><br>　　Plaintiff and Appellant,<br><br>v.<br><br>VENTURA UNIFIED SCHOOL DISTRICT, et al.,<br><br>　　Defendants and Respondents. | 2d Civil No. B266650<br>(Super. Ct. No. 56-2013-00445601-CU-PO-VTA)<br>(Ventura County)<br><br><br>ORDER MODIFYING OPINION<br>(No Change in Judgment) |

THE COURT:

It is ordered that the opinion filed herein on October 12, 2016, be modified as follows:

On page 4, line 3, add the following footnote after the words "Government Code section 44807,": "Although the complaint alleges a violation of Government Code section 44807, that section does not exist." The footnote shall be numbered footnote No. 2.

On page 3, at the end of the last paragraph, renumber footnote No. 2 as footnote No. 3.

On page 13, at the end of the first full paragraph, renumber footnote No. 3 as footnote No. 4.

No change in judgment.

Filed 10/12/16 Unmodified opinion

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| A.M., a Minor, etc.,<br><br>   Plaintiff and Appellant,<br><br>v.<br><br>VENTURA UNIFIED SCHOOL DISTRICT et al.,<br><br>   Defendants and Respondents. | 2d Civil No. B266650<br>(Super. Ct. No. 56-2013-00445601-CU-PO-VTA)<br>(Ventura County) |

        D.G., as guardian ad litem for her minor daughter, A.M. (appellant), sued the Ventura Unified School District (District), Michael Tapia, and Gwen Fields (collectively respondents) for negligence. Appellant alleged, among other things, that respondents negligently allowed male students to sexually abuse her while at school. The trial court granted summary judgment for respondents, concluding that appellant failed to file the required government tort claim with the District.

        Appellant concedes she did not file a tort claim, but asserts she was excused from doing so pursuant to Government Code section 905, subdivision (m), which exempts "[c]laims made pursuant to Section 340.1 of the Code of Civil Procedure for the recovery of damages suffered as a result of childhood sexual abuse."[1] Section 340.1, subdivisions (a)(2) and (b)(1) set forth the limitations period for bringing actions "for liability against

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise stated.

any person or entity who owed a duty of care to the plaintiff, where a wrongful or negligent act by that person or entity was a legal cause of the childhood sexual abuse which resulted in the injury to the plaintiff." Such actions must be commenced before the victim's 26th birthday. (*Ibid.*) Appellant's is such an action.

Because section 340.1 provides the limitations period for appellant's claims of childhood sexual abuse, appellant was exempt from filing a tort claim under Government Code section 905, subdivision (m). As we shall explain, the trial court erred by concluding the exemption applies only if the alleged childhood sexual abuse was committed by an employee, volunteer, representative or agent of the public entity. We reverse and remand for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

Appellant was a second grade student at an elementary school in Ventura. Between September 2012 and April 2013, appellant allegedly was bullied, battered and sexually abused by some of her fellow students. A.R., a male student, hit and kicked her, touched her private parts, pinched her buttocks, hugged her and pressed himself against her. Another student exposed himself to appellant and rubbed his private parts on her. On one occasion, appellant was knocked unconscious.

D.G. reported the abuse to various District employees, including appellant's teacher (Fields) and the school's principal (Tapia). When D.G. attempted to see the superintendant, she was referred to another District employee, who referred her back to Tapia. According to D.G., the District did nothing to stop the attacks on appellant. Fields told D.G. that "[she needs] to fix things on [her] own," and Tapia suggested that she move appellant to another school.

As a result of the bullying and attacks, appellant was afraid to go to school or to play outside with her friends. In April 2013, D.G. began homeschooling appellant.

In June 2013, appellant presented a tort claim to the County of Ventura, which is a separate entity from the District. The County of Ventura sent a notice of rejection. No claim was presented to the District.

2

Appellant and D.G. filed a complaint for damages against respondents for (1) negligent supervision of students; (2) negligent supervision of school premises; (3) violation of article I, section 28, subdivision (c) of the California Constitution, Government Code section 44807, Education Code section 8202 and California Code of Regulations, title 5, section 5552; (4) sexual harassment; (5) negligent infliction of emotional distress as to appellant; and (6) negligent infliction of emotional distress as to D.G. Only the sixth cause of action was brought by D.G. on her own behalf. After respondents demurred to most of the causes of action, appellant and D.G. voluntarily dismissed the common law claims, leaving only appellant's claims for negligent supervision of students, negligent supervision of school premises and violation of constitutional and statutory rights. The trial court overruled the demurrer as to those three claims.

Respondents moved for summary judgment on the ground that the remaining three causes of action are barred due to appellant's failure to comply with the claims presentation requirement set forth in Government Code section 911.2. Appellant did not dispute the facts raised in respondents' motion. She argued that because her claim was made pursuant to section 340.1 for "childhood sexual abuse," she was not required to file a government tort claim. (Gov. Code, § 905, subd. (m).)

The trial court rejected appellant's contention "that a claim was not required in the first place pursuant to an exception granted by Government Code section 905 [subdivision] (m) and the revival language contained [in] section 340.1." It concluded "that that these sections apply to childhood sexual abuse committed by an employee, volunteer, representative or agent of a public entity," and not by "third parties (students)." The court accordingly granted summary judgment for respondents. This appeal followed.[2]

---

[2] Respondents correctly contend that D.G. lacks standing to appeal the trial court's summary judgment on her own behalf. Because D.G. dismissed her individual claim before judgment was entered, she is not a party to the judgment except in her capacity as guardian ad litem for her daughter. The notice of appeal confirms that D.G. appealed the judgment strictly on appellant's behalf.

3

DISCUSSION

*A. Standard of Review*

We review a grant of summary judgment de novo.  (*Wiener v. Southcoast Childcare Centers, Inc.* (2004) 32 Cal.4th 1138, 1142.)  In addition, "'the interpretation and application of a statutory scheme to an undisputed set of facts is a question of law [citation] which is subject to de novo review on appeal.  [Citation.]'"  (*Bodell Construction Co. v. Trustees of Cal. State University* (1998) 62 Cal.App.4th 1508, 1515.)

"We begin with the fundamental rule that our primary task is to determine the lawmakers' intent" in enacting the relevant statute.  (*Delaney v. Superior Court* (1990) 50 Cal.3d 785, 798.)  "In determining such intent, a court must look first to the words of the statute themselves, giving to the language its usual, ordinary import and according significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose.  A construction making some words surplusage is to be avoided.  The words of the statute must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible.  [Citations.]  Where uncertainty exists consideration should be given to the consequences that will flow from a particular interpretation.  [Citation.]  Both the legislative history of the statute and the wider historical circumstances of its enactment may be considered in ascertaining the legislative intent.  [Citations.]"  (*Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1386-1387.)

*B. Enactment of Government Code Section 905, Subdivision (m)*

The Government Tort Claims Act (Gov. Code, § 810 et seq.) requires that "[b]efore suing a public entity, the plaintiff must present a timely written claim for damages to the entity.  [Citations.]"  (*Shirk v. Vista Unified School Dist.* (2007) 42 Cal.4th 201, 208 (*Shirk*).)  "A claim relating to a cause of action for . . . injury to person[s] . . . shall be presented . . . not later than six months after the accrual of the cause of action."  (Gov. Code, § 911.2, subd. (a).)  "Timely claim presentation is not merely a procedural requirement, but is . . . ""'a condition precedent to plaintiff's maintaining an action against

4

defendant'''" [citations], and thus an element of the plaintiff's cause of action. [Citation.]" (*Shirk*, at p. 209.) With certain exceptions, once a claim has been presented and rejected, a plaintiff has six months to file a lawsuit. (Gov. Code, § 945.6, subd. (a)(1).) These time periods are generally not tolled while the plaintiff is a minor. (§ 352, subd. (b); *K.J. v. Arcadia Unified School Dist.* (2009) 172 Cal.App.4th 1229, 1238; *County of Los Angeles v. Superior Court* (2005) 127 Cal.App.4th 1263, 1268-1269.)

As discussed more fully below, section 340.1 "sets forth a special statute of limitations for victims of childhood sexual abuse." (*County of Los Angeles v. Superior Court*, *supra*, 127 Cal.App.4th at pp. 1269-1270; see *K.J. v. Arcadia Unified School Dist.*, *supra*, 172 Cal.App.4th at p. 1238.) In *Shirk*, our Supreme Court concluded that the delayed discovery provisions in section 340.1 did not toll the period in which to present a claim under the Government Tort Claims Act. The court held specifically that a timely six-month claim is a prerequisite to maintaining an action for childhood sexual abuse against a public entity school district. (*Shirk*, *supra*, 42 Cal.4th at p. 214.)

In direct response to *Shirk*, the Legislature enacted Government Code section 905, subdivision (m), which eliminates the claim presentation requirement for "[c]laims made pursuant to Section 340.1 . . . for the recovery of damages suffered as a result of childhood sexual abuse." (See Assem. Com. on Judiciary, Analysis of Sen. Bill No. 640 (2007-2008 Reg. Sess.) as amended June 8, 2008, p. 3 ["This bill is intended to address the *Shirk* decision by expressly providing that childhood sexual abuse actions against public entities are exempted from government tort claims requirements and the six-month notice requirement"].) This exemption applies to claims arising out of conduct occurring on or after January 1, 2009. (Gov. Code, § 905, subd. (m); *J.P. v. Carlsbad Unified School Dist.* (2014) 232 Cal.App.4th 323, 333, fn. 6 ["Effective January 1, 2009, the government claim presentation requirement no longer applies to claims for childhood sexual abuse"]; accord, *S.M. v. Los Angeles Unified School Dist.* (2010) 184 Cal.App.4th 712, 721, fn. 6.)

Appellant's complaint alleges that, while she was a second grade student at a Ventura elementary school in 2012 and 2013, respondents negligently failed to supervise "the conduct of children on school grounds and to enforce the rules and regulations

necessary to protect [her and other] students" from sexual abuse and that she suffered harm from such abuse. Appellant did not present a timely tort claim to the District, and the question before us is whether her action, which arose out of post-2008 conduct, is exempt from that requirement under Government Code section 905, subdivision (m). The answer lies in whether her sexual abuse claims fall within section 340.1.

### C. Interpretation and Application of Section 340.1

Section 340.1 contains varying limitations periods for bringing actions for childhood sexual abuse against different groups of defendants. Subdivision (a) of section 340.1 provides that "[i]n an action for recovery of damages suffered as a result of childhood sexual abuse, the time for commencement of the action shall be within eight years of the date the plaintiff attains the age of majority or within three years of the date the plaintiff discovers or reasonably should have discovered that psychological injury or illness occurring after the age of majority was caused by the sexual abuse, whichever period expires later, for any of the following actions: [¶] (1) An action against any person for committing an act of childhood sexual abuse. [¶] (2) *An action for liability against any person or entity who owed a duty of care to the plaintiff, where a wrongful or negligent act by that person or entity was a legal cause of the childhood sexual abuse which resulted in the injury to the plaintiff.* [¶] (3) An action for liability against any person or entity where an intentional act by that person or entity was a legal cause of the childhood sexual abuse which resulted in the injury to the plaintiff." (Italics added.)

Notwithstanding this language, an action against third parties brought under section 340.1, subdivisions (a)(2) and (a)(3) must be brought before the plaintiff's 26th birthday. Section 340.1, subdivision (b)(1) expressly states: "(1) No action described in paragraph (2) or (3) of subdivision (a) may be commenced on or after the plaintiff's 26th birthday." But this subdivision is subject to an exception. Section 340.1, subdivision (b)(2) provides that the age cutoff in subdivision (b)(1) "does not apply if the person or entity knew or had reason to know, or was otherwise on notice, of any unlawful sexual conduct *by an employee, volunteer, representative, or agent*, and failed to take reasonable steps, and to implement reasonable safeguards, to avoid acts of unlawful sexual conduct in

6

the future by that person, including, but not limited to, preventing or avoiding placement of that person in a function or environment in which contact with children is an inherent part of that function or environment." (Italics added.)

### 1. *Relevant History of Amendments to Section 340.1*

As a general rule, a cause of action for childhood sexual abuse accrues at the time of molestation. (*John R. v. Oakland Unified School Dist.* (1989) 48 Cal.3d 438, 443.) Prior to the enactment of section 340.1 in 1986, courts applied former section 340, which provided a one-year statute of limitations for child sexual abuse claims. Courts also applied section 352, subdivision (a), which tolled the running of the statute while the plaintiff was still a minor. (See former § 340, subd. (3).)

In 1986 the Legislature enacted section 340.1, which expanded the limitations period to three years for sexual abuse by a relative or household member of a child under 14 years of age. (Former § 340.1, added by Stats. 1986, ch. 914, § 1, pp. 3165-3166.) "In 1990, the limitations period for actions against the actual perpetrator was extended in all cases to the later of three years from discovery that adult-onset psychological injury had been caused by the abuse, or the plaintiff's 26th birthday." (*Doe v. Doe 1* (2012) 208 Cal.App.4th 1185, 1189; see *Quarry v. Doe I* (2012) 53 Cal.4th 945, 963 (*Quarry*).)

Amendments in 1998 and 1999 applied an extended limitations period to third party defendants "who owed a duty of care to the plaintiff, where a wrongful or negligent act by that person or entity was a legal cause of the childhood sexual abuse which resulted in the injury to the plaintiff," with an absolute cutoff at age 26 regardless of when discovery occurred. (§ 340.1, subd. (a)(2); *Doe v. Doe 1*, *supra*, 208 Cal.App.4th at p. 1189; *Quarry*, *supra*, 53 Cal.4th at pp. 965-967.) This law changed in 2003 when section 340.1 was amended to expand the limitations period for childhood sexual abuse claims against certain third parties to the later of plaintiff's 26th birthday or three years from discovery that the abuse caused adult-onset psychological injury. (*Doe*, at pp. 1189-1190.) But "[t]his expansion applied to *only a limited class of [third party] defendants*, [i.e.,] those who knew, or had reason to know, or were otherwise on notice of any unlawful

sexual conduct by an employee or other agent and failed to take reasonable steps and to implement reasonable safeguards to avoid acts of unlawful sexual conduct by that person in the future. As to all other third party defendants, the age 26 cutoff still applied." (*Doe*, at p. 1190, italics added; *Quarry*, at pp. 968-969 ["This exception was adopted to apply to claims against a subcategory of the third party defendants that already had been defined in section 340.1, subdivision (a)(2) and (3)"].)

## 2. *Application of Section 340.1 to Appellant's Claims*

The trial court determined that by creating a subcategory of third party defendants to which the expanded statute of limitations applies, the Legislature meant to also limit third-party claims arising out of section 340.1, subdivision (a)(2) to those in which an employee, volunteer, representative, or agent of the person or entity committed the alleged abuse. We do not read the statute's language so broadly. All the Legislature did was eliminate "'the age 26 cutoff as against a *narrow* category of third party defendants who had both the knowledge and the ability to protect against abusive behavior [by an employee, volunteer, representative, or agent], but failed to do so. Anyone discovering that childhood abuse was the cause of the injuries after 2003 could sue these—more culpable—defendants without regard to the age 26 cutoff.'" (*Quarry*, *supra*, 53 Cal.4th at p. 978, italics added.)

There is nothing to suggest that the Legislature intended to modify section 340.l, subdivision (a)(2) to limit "[a]n action for liability against any person or entity who owed a duty of care to the plaintiff" to cases in which the alleged abuse was committed by an employee, volunteer, representative or agent of the person or entity. To the contrary, the statutory amendment simply clarified that claims against third parties under section 340.1, subdivision (a)(2) remain subject to the age 26 cutoff unless extended by subdivision (b)(2). (*Quarry*, *supra*, 53 Cal.4th at pp. 969, 988; accord, *Dutra v. Eagleson* (2006) 146 Cal.App.4th 216, 224 ["[O]nly those actions against the actual perpetrator, or against a third party defendant described in subdivision (b)(2), could be brought after the plaintiff's 26th birthday, up to three years after the plaintiff discovered the cause of his adult-onset psychological injuries"]; *Doe v. City of Los Angeles* (2007) 42 Cal.4th 531, 544

8

["Subdivision (b)(2) extends past a plaintiff's 26th birthday claims against a nonperpetrator defendant who is or was in a specified relationship with the perpetrator—'employee, volunteer, representative, or agent'—and who, 'knew or had reason to know, or was otherwise on notice' of the perpetrator's 'unlawful sexual conduct' and 'failed to take "preventative measures to" avoid acts of unlawful sexual conduct in the future' by that perpetrator"].)

Here, appellant is still a minor and therefore has no need to invoke the three-year revival provision in section 340.1, subdivision (b)(2). Her claims against respondents were timely filed under section 340.1, subdivision (a)(2) because they were discovered and brought before her 26th birthday. (See § 340.1, subds. (a)(2), (b)(1).) Although respondents argue that this statute of limitations does not apply to appellant's sexual abuse claims, they provide no alternative statute of limitations for us to consider. Indeed, the trial court did not question section 340.1's applicability to childhood sexual abuse claims brought against third parties. It just found, albeit incorrectly, that the claims must involve abuse by an employee, volunteer, representative or agent of the public entity for section 340.1, subdivision (a)(2) to apply.

*Aaronoff v. Martinez-Senftner* (2006) 136 Cal.App.4th 910 does not aid respondents' position. The plaintiff in that case was 40 years old when she sued her parents for damage inflicted by her father's sexual abuse. She claimed that because her parents were in business together, her father was her mother's agent. (*Id.* at p. 923.) On that basis she argued that her case fell within section 340.1, subdivision (b)(2), thereby freeing her from the ban on suits against third parties by victims over age 26. The court disagreed, concluding the relationship was not an agency relationship within the meaning of section 340.1, subdivision (b)(2) and, consequently, the claim was properly dismissed as untimely. (*Aaranoff*, at p. 923.) As previously discussed, section 340.1, subdivision (b)(2) has no application here.

Nor are we persuaded by *S.M. v. Los Angeles Unified School District*, *supra*, 184 Cal.App.4th 712, in which the court determined that the plaintiff's cause of action accrued for purposes of the tort claim presentation requirement when she learned of the

9

purported sexual abuse. (*Id.* at p. 721.) That decision is inapplicable because the alleged abuse predates the effective date of Government Code section 905, subdivision (m). As the court noted, "[i]n apparent recognition of the dilemma faced by families of children abused by public school officials, the law has changed. For claims described in . . . section 340.1 for the recovery of damages suffered due to childhood sexual abuse occurring after January 1, 2009, the tort claim presentation requirement no longer applies." (*S.M.*, at p. 721, fn. 6, citing Gov. Code, § 905, subd. (m); see *J.P. v. Carlsbad Unified School Dist.*, *supra*, 232 Cal.App.4th at p. 333, fn. 6 ["Because the abuse here occurred before [January 1, 2009], the claim requirement (with its six-month time limitation) governs this case"]; *K.J. v. Arcadia Unified School Dist.*, *supra*, 172 Cal.App.4th 1229, 1234, fn. 2 ["The 2008 amendment [creating Government Code section 905, subdivision (m)], by its terms, does not apply to the instant case"]; *County of Los Angeles v. Superior Court*, *supra*, 127 Cal.App.4th at p. 1266 [alleged sexual abuse occurred in 2001 before enactment of Government Code section 905, subdivision (m)].)

Respondents argue that even if the trial court did misconstrue the application of section 340.1 to appellant's case, the summary judgment must be upheld for other reasons. First, they assert appellant failed to allege in her complaint that she was making claims pursuant to section 340.1 and that she may not make this allegation for the first time on a summary judgment motion. We are not persuaded. Section 340.1 is not a type of claim per se; it is a statute of limitations governing claims such as those raised by appellant's complaint. (*County of Los Angeles v. Superior Court*, *supra*, 127 Cal.App.4th at p. 1268.) Appellant alleged facts showing that the limitations period in section 340.1, subdivision (a)(2) applies, and that was sufficient to raise the issue for purposes of the summary judgment motion. (See *Pipitone v. Williams* (2016) 244 Cal.App.4th 1437, 1449.)

Second, respondents contend appellant's defense fails because appellant is not in the class of persons for whom section 340.1 was enacted. Specifically, they assert section 340.1 applies only to adult plaintiffs, and not minor plaintiffs. We recognize that the primary purpose of section 340.1 is to extend the statute of limitations for adults who

10

discover they had been abused as children, but respondents cite no persuasive authority suggesting that section 340.1, subdivision (a)(2) does not apply to situations in which the abuse is discovered while the plaintiff is still a minor. (See *Debbie Reynolds Prof. Rehearsal Studios v. Superior Court* (1994) 25 Cal.App.4th 222, 232 ["The obvious goal of amended section 340.1 is to allow sexual abuse victims a longer time period in which to become aware of their psychological injuries and remain eligible to bring suit against their abusers"].) Although *Curtis T. v. County of Los Angeles* (2004) 123 Cal.App.4th 1405, 1419-1420, noted that the limitations period for adult plaintiffs to file civil actions based on childhood sexual abuse is governed by section 340.1, it had no occasion to interpret that statute. Opinions are not authority for issues they do not consider and decide. (*Stoll v. Shuff* (1994) 22 Cal.App.4th 22, 27.)

Section 340.1 provides that, with certain exceptions not applicable here, an action against a third party for damages arising from childhood sexual abuse must be brought before age 26. (*Id.*, subds. (a)(2), (b)(1).) Here, it is undisputed that appellant is making a claim of sexual abuse that occurred during her childhood and that was brought before the age of 26. Nothing in the statutory language implies that the action cannot be brought while the plaintiff is still a minor. If that were the case, a childhood sexual abuse claim discovered shortly before the plaintiff's 18th birthday would be subject to the government claim presentation requirement, while a claim discovered shortly after that birthday would be exempt under Government Code section 905, subdivision (m). We must refrain from an interpretation of a statute that would result in absurd consequences. (*Torres v. Parkhouse Tire Service, Inc.* (2001) 26 Cal.4th 995, 1003.)

Third, respondents maintain that acts alleged to have been committed by seven-year-old children do not fall within the definition of "'childhood sexual abuse'" in section 340.1, subdivision (e). That subdivision states: "'Childhood sexual abuse' as used in this section includes any act committed against the plaintiff that occurred when the plaintiff was under the age of 18 years and that would have been proscribed by Section 266j of the Penal Code; Section 285 of the Penal Code; paragraph (1) or (2) of subdivision (b), or of subdivision (c), of Section 286 of the Penal Code; subdivision (a) or (b) of

11

Section 288 of the Penal Code; paragraph (1) or (2) of subdivision (b), or of subdivision (c), of Section 288a of the Penal Code; subdivision (h), (i), or (j) of Section 289 of the Penal Code; or any prior laws of this state of similar effect at the time the act was committed. Nothing in this subdivision limits the availability of causes of action permitted under subdivision (a), including causes of action against persons or entities other than the alleged perpetrator of the abuse."

Appellant's complaint alleges that between September 2012 and April 2013, appellant was sexually abused by two of her fellow students. A.R., a male student, touched her private parts, pinched her buttocks, hugged her and pressed himself against her, while another student exposed himself to her and also rubbed his private parts on her. These actions qualify as lewd and lascivious acts committed upon a child under the age of 14. (See Pen. Code, § 288, subd. (a).)

Respondents argue that these students are not legally responsible for these acts because Penal Code section 26 provides that a child under the age of 14 is not capable of committing a crime in the absence of clear proof that, at the time of committing the charged act, he or she knew its wrongfulness. Respondents did not, however, submit any evidence on this point. (§ 437c, subd. (p)(2).) Their motion for summary judgment was limited to issues concerning appellant's failure to present a government tort claim. It is well established that when a "new theory contemplates a factual situation the consequences of which are open to controversy and were not put in issue or presented at the trial the opposing party should not be required to defend against it on appeal. [Citations.]" (*Panopulos v. Maderis* (1956) 47 Cal.2d 337, 341; see *Richmond v. Dart Industries, Inc.* (1987) 196 Cal.App.3d 869, 879.) We therefore decline to consider the issue for the first time on appeal.

Finally, the legislative history of Government Code section 905, subdivision (m) confirms that the purpose of that section was "'to ensure that victims severely damaged by childhood sexual abuse are able to seek compensation from those responsible, whether those responsible are private or public entities. . . .'" (Assem. Com. on Judiciary, Analysis of Sen. Bill No. 640, *supra*, at p. 3.) The author of the legislation explained this

12

would be accomplished "by specifically exempting Section 340.1 civil actions for childhood sexual abuse from government tort claim requirements, thereby treating Section 340.1 actions against public entities the same as those against private entities." (*Id.* at p. 4.) Our decision is consistent with this intent.

In sum, we conclude that appellant's claim for liability against respondents is subject to the limitations period in section 340.1, subdivisions (a)(2) and (b)(1). Because section 340.1 applies to appellant's claims for childhood sexual abuse, she was not required to present a tort claim to the District in order to raise those claims. (Gov. Code, § 905, subd. (m).) The trial court erred by holding that the alleged perpetrators of the wrongful conduct had to be employees, volunteers, representatives or agents of the public entity for section 340.1 to apply.[3]

## DISPOSITION

We reverse the judgment and remand the matter to the trial court for further proceedings on appellant's claims for childhood sexual abuse. Appellant shall recover her costs on appeal.

CERTIFIED FOR PUBLICATION.


PERREN, J.

We concur:


YEGAN, Acting P. J.


TANGEMAN, J.

_____

[3] The complaint alleges claims for harassment and other nonsexual abuse claims. Having failed to file a valid government tort claim, appellant may not pursue those claims. (See Gov. Code, § 911.2, subd. (a); *Shirk*, *supra*, 42 Cal.4th at p. 208.) The exemption under Government Code section 905, subdivision (m) applies only to her childhood sexual abuse claims.

Henry J. Walsh, Judge

Superior Court County of Ventura

_____

Law Offices of Robert S. Gerstein and Robert S. Gerstein; Law Offices of Robert H. Tourtelot, PLC and Robert H. Tourtelot for Plaintiff and Appellant.

Woo Houska LLP, Carol A. Woo and Maureen M. Houska for Defendants and Respondents.