[No. A123270. First Dist., Div. Three. Nov. 6, 2009.]

DAWNA A. JOSEPH et al., Plaintiffs and Appellants, v.
CAROLYN A. JOHNSON, Defendant and Respondent.

**COUNSEL**

Arnold I. Berschler for Plaintiffs and Appellants.

Buresh, Kaplan, Jang & Feller and Lawrence A. Baker for Defendant and Respondent.

**OPINION**

**POLLAK, Acting P. J.**—Plaintiffs Dawna A. Joseph and Nicole N. McGowan appeal from an order sustaining without leave to amend a demurrer to their third amended complaint for personal injury against defendant Carolyn A. Johnson. Plaintiffs contend that Johnson is liable for damages arising out of their sexual molestation by Johnson's husband, Albert Caesar, for which Caesar has been criminally convicted, but the trial court held that their claims against Johnson are now barred by the statute of limitations. We conclude that the court properly sustained the demurrer with regard to plaintiffs' second and fifth causes of action for negligence but erred in

sustaining the demurrer to plaintiffs' third and sixth causes of action for intentional misconduct. Accordingly, we shall affirm in part but reverse the order with respect to the third and sixth causes of action.

## Factual and Procedural Background

On June 28, 2006, plaintiffs filed a complaint against Johnson and Caesar for personal injury arising out of Caesar's sexual molestation of the plaintiffs when they were minors.[1] A first amended complaint was filed shortly thereafter and in December 2007, plaintiffs filed a second amended complaint. Johnson's demurrer to the second amended complaint was sustained on the ground that the action is barred by the statute of limitations. Plaintiffs were given leave to amend to allege facts showing that when Caesar committed the molestation he was acting as Johnson's agent, so that an exception in subdivision (b)(2) of the applicable statute of limitations, Code of Civil Procedure section 340.1, would apply, extending the time limitation period.[2]

Plaintiffs, who were over the age of 26 at the time the civil action was filed, allege in their third amended complaint as follows: In January 2006, Caesar was convicted of sexually abusing plaintiffs when they were minors. At all relevant times, Johnson was married to Caesar. Johnson knew that

---

[1] Due to her relationship with Caesar, Johnson was improperly named in the original complaint as Carolyn Caesar. Her name, however, was corrected in subsequent amendments. Albert Caesar, who is named as the sole defendant in the first and fourth causes of action, is not a party to this appeal.

[2] Code of Civil Procedure section 340.1, provides in relevant part: "(a) In an action for recovery of damages suffered as a result of childhood sexual abuse, the time for commencement of the action shall be within eight years of the date the plaintiff attains the age of majority or within three years of the date the plaintiff discovers or reasonably should have discovered that psychological injury or illness occurring after the age of majority was caused by the sexual abuse, whichever period expires later, for any of the following actions: [¶] (1) An action against any person for committing an act of childhood sexual abuse. [¶] (2) An action for liability against any person or entity who owed a duty of care to the plaintiff, where a wrongful or negligent act by that person or entity was a legal cause of the childhood sexual abuse which resulted in the injury to the plaintiff. [¶] (3) An action for liability against any person or entity where an intentional act by that person or entity was a legal cause of the childhood sexual abuse which resulted in the injury to the plaintiff. [¶] (b)(1) No action described in paragraph (2) or (3) of subdivision (a) may be commenced on or after the plaintiff's 26th birthday. [¶] (2) This subdivision does not apply if the person or entity knew or had reason to know, or was otherwise on notice, of any unlawful sexual conduct by an employee, volunteer, representative, or agent, and failed to take reasonable steps, and to implement reasonable safeguards, to avoid acts of unlawful sexual conduct in the future by that person, including, but not limited to, preventing or avoiding placement of that person in a function or environment in which contact with children is an inherent part of that function or environment."

All statutory references are to the Code of Civil Procedure unless otherwise noted.

Caesar "had been convicted of one or more sex crimes arising from his sexually deviant propensities" and that he "was predisposed to sexually molest minors." When plaintiffs were minors, Johnson, who was related to plaintiffs,[3] would offer "to provide babysitting services for [plaintiffs] from time to time . . . . [¶] . . . The *quid pro quo* for the offers of babysitting service was to receive like service and other consideration from [plaintiffs'] mother." Johnson assumed a duty to provide plaintiffs "with an environment reasonably safe and secure for [their] health and well being" and she represented to plaintiffs' mother "that it was perfectly safe for [plaintiffs] to visit and be exposed to [Caesar]." Johnson "caused the subject babysitting . . . to occur at the residence of [Johnson and Caesar]" and "delegated to [Caesar] those babysitting duties" she had assumed. "[S]he knew and/or should have known [Caesar] was to be alone with [plaintiffs] while so babysitting. . . . [¶] . . . Johnson readily could have controlled [Caesar's] conduct with [plaintiffs] by not allowing him to be alone with [plaintiffs] while babysitting. [¶] Caesar sexually molested [plaintiffs] while he was alone with [them] during the course of providing baby sitting services in lieu of Ms. Johnson." Based on these allegations, plaintiffs allege that "Johnson negligently breached the aforesaid duties of care she owed [plaintiffs], increasing the risk of harm to [plaintiffs] on those occasions when [plaintiffs were] being baby sat by [Caesar]." Plaintiffs also allege that while they were minors "Johnson intentionally provided and/or made [them] available to [Caesar] for the purpose of lewd and/or lascivious conduct as defined in Penal Code section 288" and caused them "to engage in conduct proscribed by Penal Code section 288." Finally, plaintiffs allege that their "complaint was filed within three years of when [they] reasonably discovered psychological injury and/or illness caused by [the sexual abuse]."

Johnson's demurrer to the third amended complaint was sustained without leave to amend on the ground that plaintiffs' claims are barred by the statute of limitations. A judgment of dismissal was entered and plaintiffs filed a timely notice of appeal.

## Discussion

### *Standard of Review*

Because this appeal arises from a judgment of dismissal following the sustaining of a demurrer without leave to amend, we give the complaint a reasonable interpretation, and treat the demurrer as admitting all material facts properly pleaded. (*Doe v. City of Los Angeles* (2007) 42 Cal.4th 531, 543

---

[3] Although not specifically alleged in the third amended complaint, it appears that Johnson and plaintiffs' mother are sisters, so that Johnson is plaintiffs' aunt.

[67 Cal.Rptr.3d 330, 169 P.3d 559].) "We apply well-established principles of statutory construction in seeking 'to determine the Legislature's intent in enacting the statute " 'so that we may adopt the construction that best effectuates the purpose of the law.' " ' " (*Shirk v. Vista Unified School Dist.* (2007) 42 Cal.4th 201, 211 [64 Cal.Rptr.3d 210, 164 P.3d 630].) The statutory language is generally the most reliable indicator of legislative intent. However, if the statutory language may reasonably be given more than one interpretation, courts may consider various extrinsic aids, including the purpose of the statute, the evils to be remedied, the legislative history, public policy, and the statutory scheme encompassing the statute. (*Ibid.*)

### *Statute of Limitations*

■ Section 340.1, quoted in footnote 2, *ante*, sets forth the limitations period for an action seeking damages suffered as a result of childhood sexual abuse. In *Aaronoff v. Martinez-Senftner* (2006) 136 Cal.App.4th 910, 919 [39 Cal.Rptr.3d 137], the court summarized the core statutory provisions as follows: "Section 340.1 provides that an action for recovery of damages suffered as a result of childhood sexual abuse must be commenced within three years of discovering that injury occurred as the result of the abuse, or within eight years after the plaintiff attains the age of majority, whichever is later. (§ 340.1, subd. (a).) This limitations provision applies whether the defendant is the perpetrator of the abuse, or a third party whose liability stems from a negligent or intentional act which was the legal cause of the abuse that resulted in the injury. (§ 340.1, subd. (a)(1)–(3).) [¶] In the case of a third party defendant, the action must be commenced before the plaintiff's 26th birthday unless the third party defendant 'knew or had reason to know, or was otherwise on notice, of any unlawful sexual conduct by an employee, volunteer, representative, or agent, and failed to take reasonable steps, and to implement reasonable safeguards, to avoid acts of unlawful sexual conduct in the future by that person' in which case the action must be commenced within three years of discovering the injury was caused by the abuse. (§ 340.1, subd. (b)(2).)"

### 1. *The Second and Fifth Causes of Action for Negligence*

Plaintiffs' second and fifth causes of action for negligence allege that Johnson negligently breached a duty of care owed to plaintiffs, which she assumed by virtue of her agreement to babysit the plaintiffs, when she delegated her babysitting responsibilities to Caesar. Plaintiffs thus assert causes of action described in subdivision (a)(2) of section 340.1, "[a]n action for liability against any person or entity who owed a duty of care to the plaintiff, where a wrongful or negligent act by that person or entity was a legal cause of the childhood sexual abuse which resulted in the injury to the

plaintiff." An action against a third party governed by subdivision (a)(2) of section 340.1 must be commenced before the plaintiff's 26th birthday unless the exception found in subdivision (b)(2) of section 340.1 applies, in which case the action may be commenced within three years of discovering the injury was caused by the abuse.

■ "Subdivision (b)(2) extends past a plaintiff's 26th birthday claims against a nonperpetrator defendant who is or was in a specified relationship with the perpetrator—'employee, volunteer, representative, or agent'—and who, 'knew or had reason to know, or was otherwise on notice' of the perpetrator's 'unlawful sexual conduct' and 'failed to take' preventative measures to 'avoid acts of unlawful sexual conduct in the future' by that perpetrator." (*Doe v. City of Los Angeles, supra,* 42 Cal.4th at p. 544.) In *Aaronoff v. Martinez-Senftner, supra,* 136 Cal.App.4th 910, the court held that the special relationship required by subdivision (b)(2) of section 340.1 does not include a parental relationship. The court explained, "The statute is targeted at third party defendants who, by virtue of certain specified relationships to the perpetrator (i.e., employee, volunteer, representative, or agent), could have employed safeguards to prevent the sexual assault. It requires the sexual conduct to have arisen through an exploitation of a relationship over which the third party has some control. In other words, the perpetrator's access to the victim must arise out of the perpetrator's employment with, representation of, agency to, etc., the third party, and the third party must be in such a relationship with the perpetrator as to have some control over the perpetrator. The child must be exposed to the perpetrator as an inherent part of the environment created by the relationship between the perpetrator and the third party . . . ." (*Aaronoff,* at p. 921.) Relying on the legislative history of the 2002 amendment to section 340.1, which "explained that the responsible third party entity to which the legislation is directed is an entity such as 'an employer, sponsoring organization or religious organization' " (*Aaronoff,* at p. 922), the court concluded that "the statute applies to assaults that are related to the perpetrator's employment, or that are made more likely by the nature of the perpetrator's work and the fact of the perpetrator's continued employment" (*id.* at pp. 922–923).[4]

Here, plaintiffs do not allege that Caesar was Johnson's agent by virtue of their marital relationship. Instead, plaintiffs assert that the agency or volunteer

---

[4] Plaintiffs suggest that the California Supreme Court's decision in *Doe v. City of Los Angeles, supra,* 42 Cal.4th 531 calls into question the appellate court's interpretation of section 340.1, subdivision (b)(2) in *Aaronoff v. Martinez-Senftner, supra,* 136 Cal.App.4th 910. To the contrary, the court in *Doe* expressly affirmed that "[t]he language of the provision expressly supports [the lower court's] characterization" and that "[t]he statute's enumeration of the necessary relationship between the nonperpetrator defendant and the perpetrator implies that the former was in a position to exercise some control over the latter." (*Doe v. City of Los Angeles, supra,* at pp. 543–544.)

relationship arose out of Johnson's delegation to Caesar of Johnson's babysitting responsibilities. The third amended complaint alleges that Johnson and plaintiffs' mother traded babysitting and other services; that Johnson delegated her babysitting responsibilities to Caesar; and that "Johnson readily could have controlled [Caesar's] conduct with [plaintiffs] by not allowing him to be alone with [plaintiffs] while babysitting." Plaintiffs reject the argument that their familial relationship to Johnson and the fact that no money was exchanged render subdivision (b)(2) of section 340.1 inapplicable. They note, "If Ms. Johnson had been a Girl Scout den mother or a casual baby-sitter for cash compensation, it seems that she would be within the bounds of section 340.1, subdivision (b)(2)."

It is not the familial relationships that defeat plaintiffs' claims. The negligence claims fail for lack of factual allegations demonstrating the requisite relationship between Johnson and Caesar that would provide Johnson with control over Caesar's conduct. Plaintiffs' only allegation with respect to control is that Johnson could have controlled Caesar's conduct "by not allowing him to be alone with [plaintiffs] while babysitting." But the fact that Johnson might not have permitted Caesar to be alone with the plaintiffs does not mean that she had the right to control his behavior. The amended complaint does not allege any relationship between Johnson and Caesar, such as an employer/employee or agency/volunteer relationship, that would give Johnson the right to control Caesar's conduct. The allegation that Johnson's delegation of babysitting responsibilities to Caesar was negligent brings plaintiffs' claims within subdivision (a)(2) of section 340.1. However, under subdivision (b)(1) of the statute, an action falling within subdivision (a)(2) may not be commenced after the plaintiff's 26th birthday unless the exception in subdivision (b)(2) applies. And, as just indicated, plaintiffs' negligence claims do not plead an agency or other relationship that comes within subdivision (b)(2). Plaintiffs' analogy to a den mother or professional babysitter is not persuasive. Both would fall outside the scope of subdivision (b)(2) absent allegations showing that they had the right to control the conduct of the person who assumed their duties. (See *Aaronoff v. Martinez-Senftner, supra,* 136 Cal.App.4th at pp. 921–922.)

Plaintiffs do not suggest that this deficiency could be cured by further amendment. Accordingly, the trial court did not err in sustaining the demurrer to plaintiffs' second and fifth causes of action without leave to amend.

### 2. *The Third and Sixth Causes of Action for Intentional Tort*

Plaintiffs contend that their third and sixth causes of action against Johnson assert claims "against [a] person for committing an act of childhood sexual abuse" under section 340.1, subdivision (a)(1), so that they are timely if they

were brought within three years of discovery. The claim under subdivision (a)(1) is timely if brought within three years of discovery, regardless of the nature of the relationship between Johnson and Caesar. (§ 340.1, subd. (b)(1).) Johnson argues that plaintiffs' causes of action based on the allegation of intentional misconduct at most come within subdivision (a)(3) of section 340.1, which applies to claims based on intentional acts of a person other than the direct perpetrator of the sexual abuse, because subdivision (a)(1) "applies only to the person who committed the actual act of childhood sexual abuse, i.e. Caesar, not Johnson."

■ Subdivision (a) of section 340.1 applies to claims against persons who have committed "an act of childhood sexual abuse." Subdivision (e) of section 340.1 defines "childhood sexual abuse" as including, inter alia, "any act committed against the plaintiff that occurred when the plaintiff was under the age of 18 years and that would have been proscribed by Section 266j of the Penal Code." Penal Code section 266j in turn provides, "Any person who intentionally gives, transports, provides, or makes available, or who offers to give, transport, provide, or make available to another person, a child under the age of 16 for the purpose of any lewd or lascivious act as defined in Section 288, or who causes, induces, or persuades a child under the age of 16 to engage in such an act with another person, is guilty of a felony . . . ." Hence, under the plain language of the statute, one who commits an act that would violate Penal Code section 266j commits childhood sexual abuse for purposes of subdivision (a)(1) of section 340.1. (*Debbie Reynolds Prof. Rehearsal Studios v. Superior Court* (1994) 25 Cal.App.4th 222, 231, fn. 4 [30 Cal.Rptr.2d 514].)

In *Debbie Reynolds* the court interpreted former section 340.1, which applied to a civil action seeking damages for " 'any act committed by a defendant against a plaintiff . . . and which act would have been proscribed' " by specified Penal Code sections, including section 266j.[5] (*Debbie Reynolds Prof. Rehearsal Studios v. Superior Court, supra*, 25 Cal.App.4th at p. 231.) The court held that the extended limitations period did not apply to a claim of negligent hiring, supervision or retention against the employer of a person

---

[5] Former section 340.1 provided in relevant part: "(a) In any civil action for recovery of damages suffered as a result of childhood sexual abuse, the time for commencement of the action shall be within eight years of the date the plaintiff attains the age of majority or within three years of the date the plaintiff discovers or reasonably should have discovered that psychological injury or illness occurring after the age of majority was caused by the sexual abuse, whichever occurs later. [¶] (b) 'Childhood sexual abuse' as used in this section includes any act committed by the defendant against the plaintiff which act occurred when the plaintiff was under the age of 18 years and which act would have been proscribed by Section 266j of the Penal Code . . . ." (Stats. 1990, ch. 1578, § 1, p. 7550.)

who committed childhood sexual abuse. However, the court expressly distinguished between claims of intentional and negligent misconduct. "By its plain terms, section 340.1 applies an extended statute of limitations only to those defendants who perpetrate, against minors, certain intentional criminal acts prohibited by law." (*Id.* at p. 231.) The court also observed, "By including Penal Code section 266j as a prohibited act, it seems clear that section 340.1 defines an individual who intentionally makes a child available for sexual abuse as a perpetrator of child abuse and thus covered by the statute." (*Id.* at fn. 4.) Subdivision (a) of section 340.1 was amended in 1998 to include subdivision (a)(1) to (3). (Stats. 1998, ch. 1032, § 1, p. 7785.)[6] The amendment did not delete the incorporation of Penal Code section 266j in the definition of childhood sexual abuse as that term is used in subdivision (a)(1) of section 340.1. Nothing in the legislative history suggests that the Legislature meant to exclude from the category of perpetrators those whose conduct violates Penal Code section 266j.[7]

Plaintiffs' third and sixth causes of action allege that "Johnson intentionally provided and/or made [plaintiffs] available to [Caesar] for the purpose of lewd and/or lascivious conduct as defined in Penal Code section 288" and "caused [them] to engage in conduct proscribed by Penal Code section 288." Plaintiffs do not allege explicitly that Johnson violated Penal Code section 266j, but by alleging that she intentionally made plaintiffs available to Caesar for the purpose of engaging in conduct proscribed by Penal Code section 288, they do allege that she engaged in conduct that is proscribed by section 266j of the Penal Code. With whatever skepticism these allegations may be viewed, they must be treated as having been admitted for the purpose of ruling on the demurrer. (*Doe v. City of Los Angeles, supra*, 42 Cal.4th at p. 543.)[8] The allegations of the complaint, quoted above, allege conduct that would be a

---

[6] The amendment extended to eight years after the minor attains majority the statute of limitations for childhood sexual abuse claims against those who owe a duty of care to the minor and whose negligence was a contributing cause of the sexual abuse and against those whose intentional acts contribute to the sexual abuse. The further extension of the limitations period to three years from discovery does not apply to claims against such persons or entities unless they were on notice "of any unlawful sexual conduct by an employee, volunteer, representative, or agent" and failed to take reasonable steps to avoid the unlawful sexual conduct. The amendment clarified that an action against any person or entity other than a person deemed to be the perpetrator of the sexual abuse must be commenced before the plaintiff's 26th birthday. (Sen. Rules Com., Off. of Sen. Floor Analyses, Rep. on Assem. Bill No. 1651 (1997–1998 Reg. Sess.) as amended Aug. 19, 1998.)

[7] Indeed, a person convicted of a violation of Penal Code section 266j must register as a sex offender under Penal Code section 290, subdivision (c).

[8] Johnson did not demur on the ground that the amended complaint is uncertain (Code Civ. Proc., § 430.10, subd. (f)) and neither Johnson nor the trial court asserted that the allegation is deficient because conclusory. Had that been the basis of the court's ruling, leave to amend to provide further specificity would have been appropriate.

violation of Penal Code section 266j, and thus invoke the longer limitations period of three years from discovery contained in subdivision (a)(1) of section 340.1.

*Dutra v. Eagleson* (2006) 146 Cal.App.4th 216 [52 Cal.Rptr.3d 788], cited by Johnson, is not to the contrary. In that case the court concluded, consistent with our reading of the statute, that "only those actions against the *actual perpetrator*, or against a third party defendant described in subdivision (b)(2), could be brought after the plaintiff's 26th birthday . . . ." (*Id.* at p. 224, italics added.) The court there had no occasion to consider whether a person who allegedly violates Penal Code section 266j is a person who "commit[s] an act of childhood sexual abuse" within the meaning of subdivision (a)(1) of section 340.1. Nothing in the opinion suggests that such a person is not to be treated as an actual perpetrator under the statute.

■ Interpreting subdivision (a)(1) of section 340.1 to include conduct by a third party that violates Penal Code section 266j does not render subdivision (a)(3) of section 340.1 superfluous, as Johnson contends. Subdivision (a)(3) governs "An action for liability against any person or entity where an intentional act by that person or entity was a legal cause of the childhood sexual abuse which resulted in the injury to the plaintiff." This provision applies to acts (such as kidnapping, for example) that are not necessarily committed for the purpose of enabling another person to engage in lewd or lascivious conduct, but that are nonetheless a proximate cause of sexual abuse by another. In contrast, a third person deemed a perpetrator of childhood sexual abuse under subdivision (a)(1) because of conduct violating Penal Code section 266j must either act for the purpose of enabling another to commit a lewd or lascivious act as defined in Penal Code section 288, or cause or induce a minor under the age of 16 to engage in such conduct. Thus, the nature of the intentional conduct that may render a person other than the direct perpetrator a person deemed to have committed childhood sexual abuse within the meaning of subdivision (a)(1) of section 340.1, because the conduct violates Penal Code section 266j, is not necessarily the same as intentional conduct that falls within the meaning of subdivision (a)(3) of section 340.1. The possibility that some conduct may fall within both subdivision (a)(1) and subdivision (a)(3) does not imply that the longer limitations period provided for claims against those whose conduct comes within subdivision (a)(1) should not apply.

■ Because plaintiffs' third and sixth causes of action allege a claim under subdivision (a)(1) of section 340.1, and allege that the complaint was filed within three years of discovery of the injury and its causation, the court erred in sustaining the demurrer to these causes of action.

## Disposition

The order sustaining Johnson's demurrer is reversed as to plaintiffs' third and sixth causes of action and affirmed in all other respects. The parties shall bear their respective costs of appeal.

Siggins, J., and Jenkins, J., concurred.